W. SHARP, Judge.
Bond appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 for post-conviction relief. In a lengthy, documented and well-researched order, the trial court dealt with the ten different issues Bond raises in this case. We affirm.
Bond has had generous review and access to the appellate process. Originally, he was convicted of two counts of committing a lewd act in the presence of a child. This court affirmed one conviction and remanded for resentencing. Bond v. State, 642 So.2d 674 (Fla. 5th DCA 1994), cert. denied, 513 U.S. 1194, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995). On remand the trial court again sentenced Bond as an habitual offender on one count, but the written sentence erroneously reflected a sentence on both counts. This court struck the superfluous sentence and count. Bond v. State, 675 So.2d 184 (Fla. 5th DCA), rev. denied, 684 So.2d 1350 (Fla.1996). Bond then unsuccessfully filed a petition for all writs jurisdiction in the Florida Supreme Court. Bond v. Fifth District Court of Appeal, 699 So.2d 1371 (Fla.1997).
In this proceeding, Bond alleges eight issues of ineffective assistance of trial counsel. We agree with the trial court that Bond failed to demonstrate sufficient prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Knight v. State, 394 So.2d 997 (Fla.1981). Many of the issues raised could or should have been raised as errors on direct appeal. See Kelley v. State, 569 So.2d 754 (Fla.1990); White v. Dugger, 565 So.2d 700 (Fla.1990). Others are refuted by the record.
We also find that Bond’s claims of fundamental error concerning prosecutorial misconduct and improper jury instructions are without merit. These are also issues which could or should have been raised on direct appeal. See Harvey v. Dugger, 656 So.2d 1253 (Fla.1995); Manley v. State, 705 So.2d 691 (Fla. 5th DCA 1998).
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.