[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-15458

_____

D. C. Docket No. 00-02481-CV-WCO-1

ANDERS JOSEPH KAUFMANN, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 21, 2002)**

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

BARKETT, Circuit Judge:

Anders Joseph Kaufmann, Jr., a federal prisoner, appeals the dismissal as

untimely of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his

petition, Kaufmann raises two arguments: (1) that <u>Apprendi v. New Jersey</u>, 530

U.S. 466 (2000), requires that his sentence be vacated; and (2) that he received ineffective assistance of counsel regarding issues unrelated to <u>Apprendi</u>. The trial court held that Kaufmann's motion was untimely because (1) <u>Apprendi</u> is not retroactively applicable to cases on collateral review; and (2) Kaufmann's habeas petition, alleging ineffective assistance of counsel, was filed more than one year after the date on which this Court issued the mandate in his direct appeal. We affirm in part, and reverse in part.

## BACKGROUND

On June 30, 1999, this Court issued an opinion affirming Kaufmann's conviction for one count of attempt to knowingly manufacture methamphetamine, in violation of 21 U.S.C. § 846, and one count of possessing a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3). Kaufmann did not file a petition for rehearing, and this Court's mandate issued on August 4, 1999. Kaufmann had 90 days from the date of this Court's affirmance on June 30, 1999, that is, until September 30, 1999, to seek a writ of certiorari in the Supreme Court, but he did not do so. <u>See</u> Sup. Ct. R. 13.[1] On September 19, 2000, <u>more</u> than one

[1]Rule 13 provides, in pertinent part:
(1) Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a ... United States court of appeals ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. ...
(3) The time to file a petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate . . . .
The "entry of the judgment or order sought to be reviewed" occurred in this case when our opinion

2

year after this Court's affirmance of his conviction, but <u>less</u> than one year from the expiration of the 90-day period to seek certiorari, Kaufmann filed the instant habeas petition.

The district court dismissed Kaufmann's petition as untimely, because it was filed more than one year "from the date on which the judgment of conviction bec[ame] final," 28 U.S.C. § 2255(1), deeming Kaufmann's judgment to have become final on the date this Court issued the mandate in his direct appeal. Kaufmann appeals, arguing that his conviction did not become "final" until his 90-day period to seek certiorari expired. We review this issue of statutory interpretation <u>de</u> <u>novo</u>. See <u>United States v. Hooshmand</u>, 931 F.2d 725, 737 (11th Cir. 1991).

## DISCUSSION

### A. <u>The Apprendi Claim</u>

Subsequent to the <u>Apprendi</u> Briefing in this case, this Court held that <u>Apprendi</u> is not applicable retroactively to cases on collateral review. See <u>Hamm v. United States</u>, 269 F.3d 1247, 1249 (11th Cir. 2001); <u>McCoy v. United States</u>, 266 F.3d 1245 (11th Cir. 2001). Accordingly, we affirm the trial court's dismissal

___

affirming Kaufmann's conviction and sentence was issued on June 30, 1999.

3

of Kaufmann's petition as to the Apprendi claim.

## B. The "Finality" of Kaufmann's Conviction

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, inter alia, that a habeas petition may not be filed more than one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1) (emphasis added). AEDPA does not expressly define the term "final." Kaufmann argues that his conviction did not become final until the 90-day period to seek certiorari expired, even though he never actually petitioned for certiorari. The Government agrees, and so do we.

In addressing this issue, the district court noted that the word "final" in § 2255(1) could mean one of three things: (1) the date on which the district court enters judgment against the defendant; (2) the date on which the court of appeals issues the mandate on direct appeal; or (3) the date on which certiorari is denied, or on which the period to seek certiorari expires.[2] This Court has not yet addressed the issue. The circuit courts that have addressed the question are split, with the Third, Fifth, Ninth and Tenth Circuits agreeing that AEDPA's one-year limitation period begins to run at the expiration of the 90-day period for seeking certiorari,

---

[2]Of course, if the Supreme Court grants certiorari, the defendant's conviction becomes final only when the Supreme Court issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

4

and the Fourth and Seventh Circuits holding that the period runs from the issuance of the mandate on direct appeal. Compare United States v. Gamble, 208 F.3d 536 (5th Cir. 2000) (even where a prisoner does not file a petition for certiorari, one-year limitation period runs from expiration of 90-day period during which he was entitled to seek certiorari), United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000), United States v. Burch, 202 F.3d 1274 (10th Cir. 2000), and Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999), with United States v. Torres, 211 F.3d 836 (4th Cir. 2000) (where prisoner does not petition for certiorari, one-year period runs from the court of appeals' issuance of the mandate on direct appeal), and Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998). We join the Third, Fifth, Ninth, and Tenth Circuits in holding that even when a prisoner does not petition for certiorari, his conviction does not become "final" for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.

To begin with, like every other circuit to have addressed the issue, this Court has held that where a prisoner does timely petition for certiorari, § 2255(1)'s limitation period "begins to run when the Supreme Court denies certiorari or issues a decision on the merits." Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). In either case, the prisoner gets the benefit of up to 90 days between the entry of judgment on direct appeal and the expiration of the certiorari period.

5

We believe that the principle of <u>Washington</u> extends to this case as well, entitling a prisoner who does <u>not</u> petition for certiorari to the benefit of the 90 days just as a petitioner who <u>does</u> petition obtains the benefit of that time. It would be anomalous to hold that the limitations period does not begin to run until a petition for certiorari is filed— for up to 90 days—but then, if it turns out that the prisoner ultimately decides <u>not</u> to petition for certiorari, that the limitation period actually began to run retroactively upon the issuance of the court of appeals' mandate. If the one-year period does not begin to run during the 90 days while a prisoner who ultimately <u>does</u> petition for certiorari considers whether or not to file his petition, it must likewise be that the period does not begin to run during the 90 days while a petitioner who ultimately chooses <u>not</u> to petition for certiorari considers his decision.

We are also persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. <u>See</u> <u>Griffith v. Kentucky</u>, 479 U.S. 314 (1987). In <u>Griffith</u>, the Court stated: "By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, <u>and the time for a petition for certiorari elapsed or a petition for certiorari finally denied</u>." <u>Id.</u> at 321 n.6 (emphasis added). In the absence of an <u>express</u> change in the definition of the

6

word "final" by Congress, we continue to adhere to the Supreme Court's clear definition of that term in the context of habeas review.

Finally, were we to hold that the one-year period runs from the resolution of a petition for certiorari that could be filed at any time within the 90-day period, but that it runs from the issuance of the court of appeals' mandate if the prisoner does not file a certiorari petition, we would create a strong incentive for prisoners to file plainly frivolous petitions for certiorari for the sole purpose of extending their time for habeas review. We believe that the 90-day period for seeking certiorari should be available to defendants so that they may consider whether to seek certiorari, assess the merits of their application for discretionary review, and discuss these issues with their counsel. It makes no sense to encourage prisoners who have decided that discretionary appeal to the Supreme Court would be inappropriate to file obviously meritless petitions nonetheless. Given the already heavy demands of the Supreme Court's caseload, we doubt the wisdom of such an approach.

Nor are we persuaded by the reasons given by the Seventh and Fourth Circuits in holding that the limitation period begins to run from the issuance of the mandate on direct appeal. See United States v. Torres, 211 F.3d 836 (4th Cir. 2000); Gendron v. United States, 154 F.3d 672 (7th Cir. 1998). Like the Torres and Gendron Courts, we acknowledge the potential relevance of 28 U.S.C. § 2244,

7

which sets forth a one-year limitation period for habeas petitions filed by state prisoners, to the meaning of "final" in 28 U.S.C. § 2255(1). In contrast to § 2255, which refers only to a conviction being "final," with no additional explanation, § 2244 states that a one-year limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). In holding that § 2255's one-year period runs from the issuance of the mandate by the court of appeals, the Torres and Gendron Courts relied on the absence of such explicative language in § 2255(1), applying the principle of statutory interpretation set forth in Russello v. United States, 464 U.S. 16, 23 (1983), namely, that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." See Gendron, 154 F.3d at 674. On the basis of this principle, the Torres and Gendron Courts concluded that "final," as used in § 2255(1) must mean something different than "final" in § 2244, and must mean the issuance of the mandate on direct appeal.

But we do not believe that the use of this canon of statutory interpretation is dispositive in this case, because the Supreme Court has already expressly determined the meaning of the word "final" in the context of collateral review, and

8

because both § 2244 and § 2255 use the term "final" to describe the judgment that will trigger the limitation period. Each provision was enacted as part of AEDPA, and each is found in Chapter 153 of Title 28. Under such conditions we presume that Congress intended the word "final" to have the meaning articulated by the Supreme Court, and to have the same meaning in both provisions. See Sorenson v. Secretary of Treasury, 475 U.S. 851, 860, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986) ("The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning.") (internal quotations and citation omitted); Baskin v. United States, 998 F.Supp. 188, 189 (D. Conn. 1998) (descriptive language of § 2244, coupled with use of "final" in both § 2255 and § 2244, means that § 2255's limitation period runs from "the conclusion of direct review or the expiration of the time for seeking such review"). We note, moreover, that there is no indication whatsoever in the AEDPA that Congress intended to treat state and federal habeas petitioners differently with regard to the period of limitation. See Kapral, 166 F.3d at 575.

In sum, we hold that a "judgment of conviction becomes final" within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes

9

"final" on the date on which the defendant's time for filing such a petition expires.

**CONCLUSION**

For the foregoing reasons we **AFFIRM** the trial court's dismissal of Kaufmann's habeas petition as to the <u>Apprendi</u> claims, but **REVERSE** the trial court's dismissal of Kaufmann's petition as untimely because it was filed within one year of the date on which his conviction became "final." Accordingly, we **REMAND** to the district court to consider Kaufmann's ineffective assistance of counsel claim on the merits.