[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2002
THOMAS K. KAHN
CLERK

No. 00-16544
_____

D. C. Docket No. 99-00682-CV-ORL-18A

CARL D. BOND,

Petitioner-Appellant,

versus

MICHAEL MOORE, Secretary,
Florida Department of Corrections,
ROBERT A. BUTTERWORTH,
Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2002)

Before BIRCH and BLACK, Circuit Judges, and PROPST*, District Judge.

_____

*Honorable Robert B. Propst, U.S. District Judge for the Northern District of Alabama,
sitting by designation.

BLACK, Circuit Judge:

Appellant Carl D. Bond, a Florida state prisoner, appeals a decision of the district court dismissing his petition for a writ of habeas corpus as time-barred under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Appellant argues his petition was not time-barred because the limitations period did not begin to run until the 90-day window during which Appellant could have petitioned the United States Supreme Court for a writ of certiorari expired.[1] We agree with Appellant.

## I.  BACKGROUND

The following procedural facts are relevant to the resolution of this appeal. Appellant was convicted of two counts of committing a lewd or lascivious act in the presence of a minor on May 13, 1992, and sentenced to two concurrent 30-year sentences. Appellant appealed to the Florida Fifth District Court of Appeal. *Bond*

---

[1]Appellant asserts in his brief the district court also erred by failing to toll the statute of limitations under 28 U.S.C. § 2244(d)(2) during the pendency of one of his motions for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. The district court determined the motion, which was virtually identical to a Rule 3.850 previously filed by Appellant and denied by the state trial court, was successive and therefore not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). In light of several recent decisions by the United States Supreme Court and this Court, the State concedes Appellant's second Rule 3.850 motion should have tolled the statute of limitations regardless of whether it was successive. *See Artuz v. Bennett*, 531 U.S. 4, 9, 121 S. Ct. 361, 364 (2000); *Weekley v. Moore*, 244 F.3d 874, 876 (11th Cir. 2001); *Hardy v. Sec'y for the Dep't of Corrs.*, 246 F.3d 1300, 1302 (11th Cir. 2001).

*v. State*, 642 So. 2d 674 (Fla. Dist. Ct. App. 1994). After several procedural modifications, the court of appeals affirmed the convictions and the sentence on July 5, 1996. *Bond v. State*, 675 So. 2d 184 (Fla. Dist. Ct. App. 1996). On July 24, 1996, Appellant filed a motion for discretionary review with the Florida Supreme Court. In an order dated November 4, 1996, the Florida Supreme Court denied Appellant's petition, adding the statement, "No Motion for Rehearing will be entertained by the Court." *Bond v. State*, 684 So. 2d 1350 (Fla. 1996). Despite this admonition, Appellant filed a motion for rehearing with the Florida Supreme Court. This motion was denied on December 13, 1996.

His direct appeals exhausted, Appellant spent the next two years filing a steady stream of post-conviction motions in state courts, seeking collateral review of his claims. Appellant filed a petition for all writs jurisdiction with the Florida Supreme Court on June 17, 1997. This petition was denied on September 12, 1997. *Bond v. Fifth Dist. Ct. App.*, 699 So. 2d 1371 (Fla. 1997).

On September 18, 1997, Appellant filed a motion for post-conviction relief with the state trial court under Florida Rule of Criminal Procedure 3.850. This motion was denied by the trial court on March 9, 1998, and Appellant appealed on April 8, 1998. The Fifth District Court of Appeal affirmed the trial court's denial

of Appellant's motion on August 7, 1998, issuing the mandate on October 10, 1998. *Bond v. State*, 717 So. 2d 83 (Fla. Dist. Ct. App. 1998).

Appellant filed a motion to correct an illegal sentence with the state trial court under Florida Rule of Criminal Procedure 3.800(a) on April 30, 1998. The trial court denied this motion on May 22, 1998, and Appellant appealed on June 22, 1998. The appellate court affirmed the trial court's denial of Appellant's Rule 3.800(a) motion on August 21, 1998, issuing the mandate on October 16, 1998. *Bond v. State*, 717 So. 2d 1076 (Fla. Dist. Ct. App. 1998).

On October 13, 1998, Appellant filed a second Rule 3.850 motion with the state trial court. The trial court denied this motion as impermissibly successive on November 10, 1998. Appellant appealed, and the Fifth District Court of Appeal affirmed the trial court's decision on December 8, 1998, issuing the mandate on December 28, 1998. *Bond v. State*, 727 So. 2d 945 (Fla. Dist. Ct. App. 1998).

Appellant filed a habeas corpus petition with the Fifth District Court of Appeal on December 2, 1998, and the court of appeal denied this motion on December 22, 1998. Appellant filed a federal habeas corpus petition with the Middle District of Florida on June 3, 1999. It is the district court's denial of this petition as time-barred by 28 U.S.C. § 2244(d) that Appellant challenges in this appeal.

4

## II.  STANDARD OF REVIEW

This Court reviews *de novo* a district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d).  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## III.  DISCUSSION

Section 2244(d)(1) of Title 28 U.S.C. provides, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  In most cases, including the present case, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  *Id*.  This appeal presents the question whether Appellant's state judgment became final on November 4, 1996, when the Florida Supreme Court denied Appellant's motion for discretionary review; on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing; or on March 13, 1997, when Appellant's time for filing a petition for certiorari with the United States Supreme Court expired.[2]

_____

[2]The State argues the district court erred by beginning the limitation period on December 13, 1996, rather than on November 4, 1996, when the Florida Supreme Court denied Appellant's motion for discretionary review.  The Florida Supreme Court stated in its order on November 4, "No Motion for Rehearing will be entertained by the Court."  The State contends Appellant's subsequent motion for rehearing was a nullity, and should therefore not be considered "properly filed" under 28 U.S.C. § 2244(d)(2).

Appellant contends the district court erred by beginning the limitations period before his opportunity to file for a writ of certiorari with the United States Supreme Court expired. The district court determined Appellant's limitation period began to run on December 13, 1996, when the Florida Supreme Court denied his motion for a rehearing of Appellant's previous motion for discretionary review. Appellant submits he was entitled to file a petition for certiorari for 90 days after December 13, 1996, pursuant to Supreme Court Rule 13.1[3], and therefore, the limitation period did not begin to run until March 13, 1997. The answer to this question determines whether Appellant's habeas petition was time-barred under § 2244(d).

This Court recently addressed the time at which the statute of limitations begins to run in the context of a habeas petition brought by a federal prisoner under 28 U.S.C. § 2255. *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002). We stated:

We decline to address this issue because it does not affect the outcome of this appeal. When we add 90 days to Appellant's limitations period, *see infra*, his petition was timely filed whether his state conviction became final on December 13 or on November 4. If we did address this issue, we would follow precedent from this Court and the United States Supreme Court. *See Artuz v. Bennett*, 531 U.S. 4, 8-9, 121 S. Ct. 361, 363-64 (2000); *Glock v. Singletary*, 65 F.3d 878, 883-84 (11th Cir. 1995) (en banc).

[3]Supreme Court Rule 13.1 states, in pertinent part, "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

[A] "judgment of conviction becomes final" within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes "final" on the date on which the defendant's time for filing such a petition expires.

*Id*. Although *Kaufmann* was in the context of § 2255 rather than § 2244(d)[4], the limitations provisions under the two statutes are virtually identical. Section 2255 says the limitation period shall run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Section 2244(d) says the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). We recognized the similarity of the two sections in *Kaufmann*:

[W]e presume that Congress intended the word "final" to have the meaning articulated by the Supreme Court, and to have the same meaning in both [§ 2255(1) and § 2244(d)(1)(A)]. . . . We note, moreover, that there is no indication whatsoever in the AEDPA that Congress intended to treat state and federal habeas petitioners differently with regard to the period of limitation.

282 F.3d at 1339.

---

[4]28 U.S.C. § 2255 sets out the limitations period for federal prisoners bringing habeas petitions in federal court. 28 U.S.C. § 2244(d) sets out the limitations period for state prisoners bringing habeas petitions in federal court.

Our decision in *Kaufmann* comports with the majority of the circuits that have considered this question. *See United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000); *United States v. Burch*, 202 F.3d 1274, 1276-79 (10th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Even the two circuits that have decided § 2255 does not authorize ninety extra days to file for certiorari acknowledged such time is expressly made available under § 2244(d)(1)(A). *United States v. Torres*, 211 F.3d 836, 840 (4th Cir. 2000) (noting "the language Congress used" in § 2244 "expands the period of time before the start of the limitation period for filing a habeas petition beyond the date that marks the conclusion of direct review of that judgment"); *Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998) ("In § 2244, Congress expressly included the period for seeking review whether or not a petitioner elected to avail himself of the opportunity."). We see no reason to deny § 2244 petitioners the time to file for certiorari with the United States Supreme Court where we have made such time available to § 2255 petitioners.

Applying the rule in *Kaufmann* to the present case, Appellant was entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90

days of the entry of the judgment against him by the Florida Supreme Court.[5]  Sup. Ct. R. 13.1.  The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired.  Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing.  The statute of limitations should have begun to run, therefore, on March 13, 1997.

## IV.  CONCLUSION

Appellant's limitation period began to run on March 13, 1997.  It was tolled for a total of 553 days due to his numerous collateral state post-conviction motions. Appellant's federal habeas petition would have been due on September 17, 1999, 553 days from March 13, 1997.  Appellant filed his petition on June 3, 1999.  It was therefore filed well within the limitations period set forth in 28 U.S.C. § 2244(d).

REVERSED and REMANDED.

---

[5]The State argued for the first time at oral argument Appellant could not have filed for a writ of certiorari with the United States Supreme Court because he had preserved no federal statutory or constitutional claims in his previous state court appeals.  We decline to consider this argument because the State failed to raise it in its briefs.  We consider issues and contentions not timely raised in a party's briefs to be abandoned.  *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001).

9