[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13059
Non-Argument Calendar

_____

D. C. Docket No. 02-00024-CV-T-27-TGW

THOMAS MARTIN BISMARK,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2006)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Florida prisoner Thomas M. Bismark appeals the district court's denial of

his 28 U.S.C. § 2254 petition for habeas relief. Bismark asserts the district court erred in determining his habeas petition was time-barred because it was filed more than 365 days after his direct appeal became final. The district court did not err, and we affirm.

We review de novo a district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," and that period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" § 2244(d)'s one-year limitation period. 28 U.S.C. § 2244(d)(2).

An application for post-conviction relief "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 121 S. Ct. 361, 364 (2000) (emphasis in original). A state

procedural rule, including a jurisdictional rule, that is "firmly established and regularly followed" will serve as the basis for a procedural bar in federal habeas proceedings for purposes of evaluating whether the running of the statute of limitations period is tolled. *Hurth v. Mitchem*, 400 F.3d 857, 860 (11th Cir. 2005); *see also Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005) (clarifying when conditions for filing a state post-conviction petition are not met, the state petition is not "properly filed" for purposes of invoking the tolling provision of the limitations period under § 2244(d)(2)).

"Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). We have held because a habeas petitioner is entitled to file a petition for a writ of *certiorari* in the United States Supreme Court within 90 days after the entry of judgment against him by the state supreme court, the § 2244(d) limitations period does not begin to run "until this 90-day window ha[s] expired." *Bond*, 309 F.3d at 774. Florida law provides in an appeal from the state appellate court's affirmance of a conviction, a mere *per curiam* affirmance is not reviewable by the Florida Supreme Court. *See Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980); *Hobbie v. Unemployment Appeals Comm'n of Florida*, 107 S. Ct. 1046, 1048 n.4 (1987) (acknowledging "[u]nder Florida law, a *per curiam*

3

affirmance issued without opinion cannot be appealed to the State Supreme Court" such that the petitioner sought review directly in the Supreme Court).

Computation of time periods under the federal rules excludes "the day of the act, event, or default from which the designated period of time begins to run." Fed. R. Civ. P. 6(a). Additionally, "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." *Id.* December 25, Christmas day, is a "legal holiday." *Id.*

Here, the record shows that Bismark's 365-day limitation period to file a § 2254 petition began to run on August 26, 1999, 90 days after May 28, 1999, the date his judgment of conviction became final by the conclusion of direct review. This first day, August 26, 1999, was not included as an additional day in the limitation period. Thus, for purposes of computation of time under the federal rules, 172 days elapsed between August 26, 1999, and February 14, 2000, which is when Bismark filed his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief and tolled the running of the period.

The limitation period remained tolled until the state appellate court issued its mandate affirming the denial of the Rule 3.850 motion on June 15, 2001, at which time the limitations period began to run with 193 days remaining. Bismark, therefore, had until December 25, 2001, to file a habeas petition. *See* 28 U.S.C.

4

§ 2244(d)(1)(A). In light of the Christmas holiday falling on the date the petition was otherwise due, however, his petition became due on December 26, 2001, such that his December 27, 2001, filing was one day late.

Though Bismark filed a notice with the Florida Supreme Court on June 12, 2001, seeking review of the denial of the motion, the § 2244(d) limitations period was not tolled further because his petition with the Florida Supreme Court was not "properly filed" since the order appealed from was *per curiam*. Bismark's assertions that the time period should be calculated other than as set forth above lack any legal basis.

Based upon the foregoing, we conclude the district court did not err in determining Bismark's § 2254 petition for habeas relief was time-barred, and, therefore, affirm.

AFFIRMED.

5