[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-15882
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00331-CV-4-MMP-AK

GREGORY MILLER,

Petitioner-Appellant,

versus

JAMES CROSBY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 23, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Gregory Miller, a state prisoner, appeals pro se the dismissal of his 28

U.S.C. § 2254 habeas petition as barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Miller contends that his petitions seeking a "belated appeal" from the state court decision denying him post-conviction relief fall within the category of "a properly filed application for [s]tate post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2). Thus, Miller argues, the district court erred when it refused to toll the federal habeas statute of limitations during the pendency of his petitions.

We review de novo a district court's determination that a petition for Federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following the latest of four events, one of which is "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A judgment becomes "final" when, among other things, the 90 day period for filing a petition for certiorari with the United States Supreme Court expires. *See Bond*, 309 F.3d at 774.

However, "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."

2

28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, . . . the time limits upon its delivery [and] the court and office in which it must be lodged . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000) (footnote omitted); *see also Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004) ("Under *Artuz*, we look to the state procedural rules governing filings to determine whether an application for state post-conviction relief is 'properly filed.'"). "The time that an application for state post[-]conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, ___ U.S. ___, 126 S. Ct. 846, 849, 163 L. Ed. 2d 684 (2006) (emphasis omitted).

Alternatively, AEDPA's statute of limitations can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). In such a case, the petitioner bears the burden of showing that equitable tolling is warranted. *Drew*, 297 F.3d at 1286.

3

"Equitable tolling is an extraordinary remedy that is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

The Florida First District Court of Appeal ("DCA") affirmed Miller's conviction for second degree murder on December 12, 2000, and ninety days later, on March 12, 2001, that conviction became final. *See Miller v. State*, 772 So. 2d 611 (Fla. 1st DCA 2000); *Bond*, 309 F.3d at 774. This triggered the AEDPA one-year period to file a § 2254 petition. Thereafter, the AEDPA limitations period continued to run at all times that Miller did not have pending a motion for state post-conviction relief or an appeal from the denial of such relief. *Evans*, ___ U.S. at ___, 126 S. Ct. at 849.

The district court implicitly found that Miller's first two petitions seeking a belated appeal, filed in January and May of 2003 respectively, did not toll AEDPA's limitations period. The court expressly found, however, that Miller's third such petition, filed in August 2003, did toll the limitations period. We have not addressed whether a motion seeking a belated appeal tolls an unexpired AEDPA period. *Cf. Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA period). As we explain below, Miller's § 2254 petition was untimely regardless of whether the limitations period was tolled during the

4

pendency of his petitions seeking a belated appeal. "We note that this court may affirm the district court where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." *Bonanni Ship Supply, Inc. v. United States*, 959 F.2d 1558, 1561 (11th Cir. 1992).

Miller first tolled the AEDPA limitations period when he filed for state post-conviction relief on December 26, 2001. By that time, 288 days of the limitations period had elapsed. Miller was denied state post-conviction relief on November 22, 2002, and the period resumed on December 24, 2002, when the time for Miller to appeal that denial expired. At that point, Miller did not have any motion pending.

Thereafter, 28 days elapsed before Miller asserts he filed a petition seeking a belated appeal on January 21, 2003. Because such a petition is provided for by Florida law, *see* Fla. R. App. P. 9.141(c), if Miller filed it properly it might toll the AEDPA limitations period. *See Moore*, 321 F.3d at 1380-81 (discussing a motion seeking a belated appeal in Florida state court and agreeing with the Fifth Circuit that "a state court's subsequent decision to permit review may toll the time relating to the application"). Assuming *arguendo* that the January 2003 petition did toll the limitations period, 316 days of the limitations period had by then elapsed. The DCA dismissed Miller's petition on May 27, 2003, and the limitations period

5

resumed on the following day.

Some 12 days passed before Miller filed a second petition seeking a belated appeal on June 9, 2003. Again, assuming he filed the petition properly, and assuming *arguendo* that it tolled the limitations period, 328 days of the period had elapsed by that time. The DCA dismissed Miller's second petition on August 14, 2003, and the limitations period again resumed on the following day.

Another 6 days passed before Miller filed his third and final petition seeking a belated appeal on August 20, 2003. The district court expressly found that this petition tolled the AEDPA limitations period. Assuming this was correct, at that point 334 days of the limitations period had elapsed. The belated appeal was granted, *see Miller v. State*, 861 So. 2d 106 (Fla. 1st DCA 2003) (per curiam), and the period would thus have remained tolled while the appeal was pending. The DCA denied Miller relief on May 9, 2005, *see Miller v. State*, 903 So. 2d 940 (Fla. 1st DCA 2005) (table case), and the mandate issued on June 29, 2005. At that point Miller again had nothing pending, and the limitations period resumed.[1] By then there were only 31 days remaining in the limitations period–and Miller waited

---

[1] The respondent points out that on June 20, 2005, Miller apparently tried to initiate an original action in the DCA related to his pending case. When the DCA took no action, Miller filed a petition for common law certiorari. According to the respondent, the DCA dismissed this petition on the grounds that it had no jurisdiction to extend the time for filing a federal habeas petition. Miller does not raise these matters on appeal, however, and we do not address them further.

70 days before filing his § 2254 petition on September 8, 2005. Thus, the respondent correctly concludes that, even if we treat all of Miller's belated appeal petitions as if they tolled AEDPA's limitations period while they were pending, Miller's § 2254 petition was still untimely. We therefore need not decide whether motions seeking a belated appeal, if properly filed, toll an unexpired AEDPA limitations period, for such tolling would not save Miller's habeas petition here.

Miller has also asserted, both below and on appeal, that he deserves "equitable tolling." Miller has not, however, sustained his burden of showing what "extraordinary circumstances . . . both beyond his control and unavoidable even with diligence" justify such relief. *Drew*, 297 F.3d at 1286 (quoting *Sandvik*, 177 F.3d at 1271) (emphasis omitted). Accordingly, we will not apply this "extraordinary remedy." *Steed*, 219 F.3d at 1300.

For the reasons stated, we find no reversible error in the district court's determination that Miller's § 2254 petition was not timely filed, and therefore affirm.

**AFFIRMED.**

7