[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13596
Non-Argument Calendar

_____

D. C. Docket No. 02-00036-CV-1-MP-AK

ALONZO MOORE,

                                                      Petitioner-Appellant,

versus

JAMES CROSBY,
CHARLIE CRIST,

                                                      Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 30, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant, Alonzo Moore, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his federal habeas corpus petition, challenging his conviction for armed robbery, brought pursuant to 28 U.S.C. § 2254. The certificate of appealability ("COA") in the present appeal concerns whether *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) (holding that the 90-day period allowed in § 2244(d)(1) only applies when calculating the finality of a state court judgment, not a post-conviction motion), is still the proper method of calculating the statute of limitations. On appeal, Moore argues that the one-year statute of limitation contained in 28 U.S.C. § 2244(d)(1) for filing a habeas corpus petition should be interpreted as being tolled during the ninety-day period wherein a prisoner may petition the United States Supreme Court for *certiorari*.

We review a district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d) *de novo*. *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), established a one-year statute of limitations for petitions filed under § 2254. § 2244(d). This limitations period begins to run, *inter alia*, on the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

2

When a properly filed state post-conviction motion is pending, the statute of limitations is tolled. 28 U.S.C. § 2244(d)(2). A state post-conviction motion is "pending" only as long as the case is in the state courts. *Coates,* 211 F.3d at 1227. We specifically held that "the time during which a petition for writ of *certiorari* is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes." *Id.* This means that the statute of limitations is not tolled during the ninety-day period in which the petitioner could have sought Supreme Court review of the denial of his post-conviction motion. *Id.*

In a similar case, where the issue was "whether the statute of limitations is tolled during the pendency of a petition for writ of certiorari in the United States Supreme Court challenging the state court's denial of petitioner's earlier motion for state collateral review," we held that the district court erred in even granting the COA. *See Lawrence v. Florida*, 421 F.3d 1221, 1224-25 (11th Cir. 2005), *cert. granted*, 126 S. Ct. 1625 (U.S. Mar. 27, 2006) (No. 05-8820) (stating that, "[b]ecause of the statutory constraint in issuing a COA, we are puzzled by the district court's issuance of a COA in this case. The district court should not have issued a COA on the statute of limitations issue because binding circuit precedent clearly disposed of the issue."). We reiterated that *Coates* disposed of the issue.

3

*Id.* at 1225.  We are bound by our own precedent.  *See United States v. Steele,* 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) (holding, "under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong").

Because the ninety-day period for seeking United States Supreme Court review following the state court denial of post-conviction relief does not toll the time counted in determining the one-year time limit, we affirm the judgment of dismissal.

**AFFIRMED.**