[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 05-15952
Non-Argument Calendar
----------------------------------------

D.C. Docket  No. 05-00021-CV-ORL-22KRS

PETER ALLEN STITES,

                                        Petitioner-Appellant,

                    versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                        Respondents-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(September 13, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Peter Allen Stites, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his habeas petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We granted a certificate of appealability on "whether the district court properly dismissed appellant's 28 U.S.C. § 2254 petition as untimely in light of his Fla.R.Crim.P. 3.800(c) motion for reduction of sentence." Reversible error has been shown; we vacate and remand for additional proceedings.

In his habeas petition, Stites stated that, after the Florida Fifth District Court of Appeal affirmed his conviction and sentence, he filed two state post-conviction motions -- first, a motion pursuant to Fla.R.Crim.P. 3.800(c) to reduce his sentence and later, a motion pursuant to Fla.R.Crim.P. 3.850 to vacate, set aside, or correct his sentence. The district court determined that Stites's AEDPA limitations period tolled while his Rule 3.850 motion was pending; but the court did not explain whether Stites's AEDPA limitations period tolled as a result of his Rule 3.800(c) motion. Although Stites's Rule 3.850 motion tolled his AEDPA limitations period, the district court still concluded that his habeas petition was untimely.

We review de novo a district court's determination that a habeas petition is time-barred. Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002). The AEDPA

2

imposes a one-year limitations period on all habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(A) (measuring this one-year period from, among other things, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). While a "properly filed application for State post-conviction or other collateral review" is pending, however, the limitations period is tolled. 28 U.S.C. § 2244(d)(2).

In this case, the record on appeal does not contain Stites's Rule 3.800(c) motion or additional information about the state court's consideration of the motion. We cannot determine from the record the nature of the claims Stites raised in his Rule 3.800(c) motion nor how the state court disposed of his motion.[1] Therefore, we are unable to resolve whether the district court correctly applied the AEDPA's one-year statute of limitations. We vacate and remand for the district court to develop the record in this case and address these issues.

VACATED AND REMANDED.

---

[1]Stites contends that the trial court held an evidentiary hearing on his Rule 3.800(c) motion and granted him relief on the motion. The State concedes that Stites's sentence was reduced as a result of his Rule 3.800(c) motion. Again, because the record on appeal does not contain additional information about Stites's Rule 3.800(c) motion, we cannot verify these statements.