[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14541
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00081-SLB-JHE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARVIS LAMAR MIMS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 6, 2015)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jarvis Mims appeals his 15 year mandatory minimum sentence which the district court imposed under the Armed Career Criminal Act ("ACCA") after Mr. Mims pled guilty to one count of possession of a firearm by a convicted felon. After thorough review, and for the reasons set forth below, we affirm.

I.

Mr. Mims was indicted on March 26, 2014 and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He decided to plead guilty at a change-of-plea hearing.  At the hearing, the district court advised Mr. Mims that he may be subject to the ACCA, which would dictate a mandatory minimum sentence of 15 years' imprisonment, because he had several prior convictions for drug offenses.  *See* 18 U.S.C. § 924(e).  After Mr. Mims stated that he understood and the district court completed the remainder of the Rule 11 colloquy,[1] the court accepted the guilty plea.

The probation office prepared a presentence investigation report ("PSI"), which indicated that Mr. Mims was indeed subject to an enhanced sentence because he had four prior convictions for serious drug offenses "committed on occasions different from one another," within the meaning of the ACCA.  *See id.* The four convictions included one for first-degree marijuana possession, for which

---

[1] *See* Fed. R. Crim. P. 11(b) (requiring the district court to advise and question a defendant pleading guilty regarding a number of rights and penalties, including "any mandatory minimum penalty").

Mr. Mims was sentenced in 2003, and three for distribution of a controlled substance, for which he was sentenced on the same date in 2009. According to the PSI, although Mr. Mims was sentenced for these convictions in a single proceeding, "these offenses were committed on occasions different from one another; therefore they count separately for armed career criminal purposes." PSI at ¶ 30. The PSI further recounted that the indictment preceding these convictions charged one count of distribution on each of three dates: January 23, January 29, and February 2, 2009.

After the PSI issued, Mr. Mims filed a *pro se* motion for substitution of counsel, asserting that he and his counsel could not agree on strategic decisions. At a hearing on the motion, Mr. Mims explained that, although he wished to object to paragraph 30 of the PSI, counsel refused to lodge such an objection. The court asked Mr. Mims whether he had been convicted on three separate counts of distribution in 2009, listing the dates of each offense, and Mr. Mims said yes. The court denied Mr. Mims's motion, explaining that the three separate offenses made Mr. Mims subject to the ACCA and that it was within counsel's discretion to decline to lodge a patently futile objection to the PSI such as the one Mr. Mims advocated.

Days after that hearing, Mr. Mims filed a *pro se* motion objecting to the PSI's sentencing recommendation. In it, he argued that, because he was "arrested

and sentenced on [the] same days for all 3 [distribution] counts," those cases should be counted "as 1 serious drug offense."  Doc. 16 at 12.  The district court considered Mr. Mims's objection at his sentencing hearing (at which Mr. Mims was counseled)[2] but overruled it and sentenced Mr. Mims to the ACCA's statutory mandatory minimum of 15 years' imprisonment.

On appeal, Mr. Mims challenges the district court's failure to determine whether his prior distribution offenses were separate and distinct for purposes of the ACCA by reference to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  *Shepard v. United States*, 544 U.S. 13, 26 (2005) (enumerating so-called *Shepard*-approved documents).  This, he says, requires a reversal and remand for resentencing.

## II.

It is clear from the record that Mr. Mims did not object to the district court's failure to consult *Shepard*-approved documents in determining his eligibility for the ACCA enhancement.[3]  Because he raises this argument for the first time on

---

[2] We need not address the district court's discretion to ignore a *pro se* pleading filed by a counseled defendant because the district court addressed Mr. Mims's objections.

[3] Moreover, as discussed more fully below, Mr. Mims did not challenge the PSI's factual descriptions of the three distribution offenses, including the separate dates on which they occurred.  *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) ("[C]hallenges to the facts contained in the PSI must be asserted with specificity and clarity.").  He therefore is

appeal, we review only for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Accordingly, we may reverse only if we find (1) error (2) that is plain and (3) that affected the defendant's substantial rights, and even then only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

III.

The ACCA imposes a mandatory minimum sentence of 15 years' imprisonment if a defendant has three (or more) prior convictions for qualifying offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "This requirement means that the defendant's prior convictions must have resulted from crimes that are 'temporally distinct' and arise out of 'separate and distinct criminal episode[s].'" *United States v. Kirk*, 767 F.3d 1136, 1141 (11th Cir. 2014) (quoting *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010)). "[S]o long as [the] predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *Id.* (internal quotation marks omitted). "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small." *Id.* (internal quotation marks omitted). Indeed, even offenses

---

deemed to have admitted the fact that his distribution offenses occurred on three different days in 2009. *See id.* at 833-34.

5

committed on the same day can qualify as separate and distinct convictions for purposes of the ACCA. *See, e.g.*, *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013); *United States v. Proch*, 637 F.3d 1262, 1265-66 (11th Cir. 2011).

In 2005, the Supreme Court held that "enquiry under the ACCA to determine" the qualification of a prior conviction as an ACCA predicate "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. The parties in this case disagree about when this duty attaches, with the government asserting it applies only to facts in dispute at sentencing and Mr. Mims contending that the district court must always consult these documents in qualifying prior convictions. Even assuming *arguendo*, however, that Mr. Mims's position is correct, he cannot establish that any error affected his substantial rights.

An error affects a defendant's substantial rights if, without its occurrence, there is a reasonable probability that the outcome of the district court proceedings would have been different. *Rodriguez*, 398 F.3d at 1299. In this case, Mr. Mims conceded that his prior distribution convictions occurred on three different dates in 2009. *See United States v. Bennett*, 472 F.3d 825, 832, 833-34 (11th Cir. 2006) (emphasizing that, if a defendant fails to lodge specific objections to facts

6

contained in a PSI despite the opportunity to do so, "he is deemed to have admitted those facts"). Our binding precedent makes clear that these convictions, as admitted, constitute separate and distinct convictions for purposes of the ACCA. *See Kirk*, 767 F.3d at 1141; *Weeks*, 711 F.3d at 1261; *Proch*, 637 F.3d at 1265-66. Thus, even had the district court consulted *Shepard*-approved documents in determining which offenses qualified under the ACCA, the court would have concluded that the distribution offenses qualified separately, and the ACCA would have applied anyway. Moreover, because the district court imposed the statutory minimum sentence, Mr. Mims cannot establish that it would have exercised discretion to vary downward had the offenses been treated properly as one. Because Mr. Mims cannot establish that any error affected his substantial rights, we find no reversible error.

## IV.

For the foregoing reasons, we affirm Mr. Mims's sentence.

**AFFIRMED.**