[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12601
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-08013-SLB,
1:14-cr-00081-SLB-JHE-1

JARVIS LAMAR MIMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 19, 2019)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Jarvis Lamar Mims appeals *pro se* the district court's *sua sponte* denial of

his 28 U.S.C. § 2255 motion to vacate his sentence.  This Court granted Mims a

certificate of appealability ("COA") on two issues:  (1) whether an Alabama

conviction for unlawful distribution of a controlled substance under Ala. Code

§ 13A-12-211(a) properly qualifies as a predicate offense under the Armed Career

Criminal Act ("ACCA"), and (2) whether the district court erred in failing to

consider Mims's ineffective assistance of counsel claim.  In addition to challenging

the merits of Mims's claims, the government argues on appeal that Mims's § 2255

motion was untimely filed.  We agree that Mims's § 2255 motion was untimely

filed and therefore affirm the district court's denial of this motion.

## I.    BACKGROUND

Mims pleaded guilty to one count of possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1).  Before sentencing, a probation officer

prepared a Presentence Investigation Report ("PSR") recommending that the

district court enhance Mims's sentence under ACCA.  According to the probation

officer, Mims's ACCA predicate offenses included three Alabama convictions for

unlawful distribution of a controlled substance.  At sentencing, the district court

adopted the PSR and sentenced Mims to the mandatory minimum of 180 months'

imprisonment.  Mims directly appealed his sentence; this Court affirmed on

August 6, 2015.  *United States v. Mims*, 622 F. App'x 846 (11th Cir. 2015)

(unpublished).  Mims did not seek certiorari from the Supreme Court.

2

Mims filed the instant motion to vacate his sentence in the United States District Court for the Northern District of Alabama. The district court *sua sponte* denied Mims's motion on its merits and denied him a COA. In so ruling, the district court assumed without deciding that Mims's motion was timely filed and not procedurally barred. This appeal followed.

## II.    DISCUSSION

We review a district court's factual findings in a § 2255 proceeding for clear error and its legal conclusions *de novo*. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Generally, our review on appeal is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). But we read a COA to encompass procedural issues that must be resolved before we can address the underlying claims specified in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). Here, we read the COA to encompass the government's argument that Mims's § 2255 motion was untimely filed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for bringing a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

3

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A judgment is considered "final" for § 2255(f)(1) purposes once the 90-day period to petition for certiorari expires, even if the inmate does not seek certiorari. *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).[1] The § 2255(f) deadline "is a garden-variety statute of limitations, and not a jurisdictional bar." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A court therefore may equitably toll the statute of limitations if the inmate untimely filed due to extraordinary circumstances outside of his control and unavoidable with diligence. *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002). Further, a showing of actual innocence provides an exception to the time-bar under AEDPA. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 394-95 (2013). Mims argues neither that he is entitled to equitable tolling nor that he is actually innocent.

We conclude that Mims failed to timely file his § 2255 motion. Mims's conviction became "final" for § 2255 purposes on November 4, 2015—the

---

[1] Mims does not argue that subsections (2)-(4) of § 2255(f) are applicable here.

4

deadline for Mims to file a petition for certiorari seeking review of this Court's August 6, 2015 decision affirming his conviction.  Mims had until November 4, 2016 to timely file a § 2255 motion.  *See Kaufmann*, 282 F.3d at 1338.  But Mims did not file the instant § 2255 motion until March 2017—more than four months after the limitations period expired.[2]  Therefore, Mims's § 2255 motion was untimely.[3]

## III.    CONCLUSION

For the foregoing reasons, we conclude that Mims failed to timely file his § 2255 motion in the district court.  We therefore affirm the district court's denial of this motion.

**AFFIRMED.**

---

[2] Mims signed his § 2255 motion on March 17, 2017 and mailed it on March 31, 2017. To determine the date when the motion was filed, "[w]e apply the prison mailbox rule, under which a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (internal quotation marks omitted).  "We assume, absent evidence to the contrary, that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id.* (alterations adopted) (internal quotation marks omitted).  Nevertheless, Mims's motion would be untimely if filed on either March 17 or 31.

[3] Mims in his reply brief states that the government's timeliness "argument is moot" and that the government "has [n]o standing in this proceeding."  These contentions lack merit.