[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2004
THOMAS  K. KAHN
CLERK

No. 04-11163
Non-Argument Calendar

D.C. Docket No. 03-00588-CV-J-20-HTS

TONY LEE NIX,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

Appeal from the United States District Court for the
Middle District of Florida

(December 17, 2004)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges:

PER CURIAM:

Tony Lee Nix, a Florida prisoner proceeding pro se, appeals the dismissal of his §2254 petition for a writ of habeas corpus as time-barred under §2244(d)(1)(A).

The state appellate court affirmed Nix's conviction and sentence on December 29, 1998, and the mandate was issued on January 15, 1999. Nix filed an unsuccessful motion for post-conviction relief on December 18, 1999. This motion was finally disposed of on February 28, 2003, when the Florida Supreme Court dismissed his petition for discretionary review. Nix filed a petition for writ of habeas corpus with the state appellate court on December 15, 2000, which was denied on January 11, 2001. He filed a motion to correct illegal sentence on June 8, 2003, which was denied on June 13, 2003. The state appellate court affirmed this denial on July 22, 2003. Nix filed the present petition for writ of habeas corpus on July 15, 2003, during the pendency of his appeal of the denial of his motion to correct illegal sentence.

The district court found that Nix's conviction became final on March 29, 1999, 90 days after the state appeals court affirmed his judgment, i.e., the last day upon which Nix could file a certiorari petition with the U.S. Supreme Court. The district court found that 264 days ran before Nix filed his motion for post-conviction relief. Following the disposition of that motion, the court found that an

2

additional 100 days ran before he filed his motion to correct illegal sentence, which the court found was denied on June 16, 2003. The district court found that Nix had one day left in which to file his §2254 petition, which gave him until June 17, 2003. The court did not accept Nix's argument that he was entitled to equitable tolling, but did state that it was not counting the period from December 15, 1998, to January 25 or 26, 1999, against him. Since Nix did not file his petition until July 15, 2003, the court dismissed his petition as untimely.

We granted Nix a certificate of appealability on the following issues: (1) whether the district court correctly concluded that appellant's convictions became final, for limitations purposes, 28 U.S.C. §2244(d)(1)(A), only after the expiration of the ninety-day period during which appellant could have sought certiorari review in the United States Supreme Court, even though appellees argued that the ninety-day window did not apply because appellant raised no federal issue on direct appeal, see Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), and (2) if the district court correctly applied the Bond rule, did the district court err in concluding that the limitations period expired before appellant filed the instant petition, 28 U.S.C. §2254.

This Court reviews de novo a district court's determination that a petition for federal habeas corpus relief is time-barred. Bond, 309 F.3d at 772. Section

3

2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Supreme Court Rule 13.1 provides that a petition for a writ of <u>certiorari</u> is timely when filed within ninety days after entry of judgment or denial of discretionary review by the state court of last resort.

The Supreme Court may review a final judgment rendered by the highest court of a state by writ of <u>certiorari</u> when a federal issue is involved.  28 U.S.C. §1257.  Section 2244(d)(1)(A), however, which is the statutory provision at issue here, does not require that defendants assert a federal claim on direct review in order to avail themselves of the one-year limitations period.  Rather, §2244(d)(1)(A) permits a defendant to petition for habeas corpus relief for a period of up to one year beginning from "the date on which the judgment became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>" (emphasis added).  Because the time for seeking direct review of a criminal conviction does not expire until after the ninety-day period for filing for <u>certiorari</u> with the Supreme Court has ended, the most straightforward and reasonable interpretation of §2244(d)(1)(A) is that the ninety-day <u>certiorari</u> period does not count towards the one-year limitations period.  <u>See</u> <u>Bond</u>, 309 F.3d 774

4

("Even the two circuits that have decided § 2255 does not authorize ninety extra days to file for certiorari acknowledged such time is expressly made available under § 2244(d)(1)(A)."). See also Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Griffith v. Kentucky, 479 U.S. 314, 321 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). In other words, the one-year limitation of §2244(d)(1)(A) is concerned solely with the question of time, not with whether a defendant's appeal qualifies on the merits for review by the Supreme Court.

This distinction matters not simply as a textual matter, but also because of the possibility that new law will arise after a defendant's conviction has become final at the state level but before the ninety-day period for seeking certiorari with the Supreme Court has expired. If, at some point during the ninety-day period for seeking certiorari with the Supreme Court, the Court hands down a decision that is retroactively applicable to cases on direct review, a defendant whose case is affected by that decision may then suddenly have a basis on which to seek review

5

before the Supreme Court.  Thus, simply because a state prisoner has not yet raised a federal claim by the time the certiorari period begins does not make it impossible for the Supreme Court to have jurisdiction over that prisoner's case at some subsequent point before the ninety-day period has ended.  Thus, the district court correctly applied the Bond rule and gave the defendant the full one-year period to which he was entitled under §2244(d)(1)(A).

Nix also argues that the district court erred in its conclusion of when the one-year limitations period began.  He maintains that his post-conviction reviews were not final until the time in which he could have filed a motion for rehearing of the denial of his motion to correct illegal sentence had expired, which gives him an additional eleven days of tolled time during his post-conviction review.  On appeal, the state does not dispute this point.  The one-year limitations period of §2244(d)(1)(A) is tolled while an "application for State post-conviction or other collateral review" is pending.  28 U.S.C. §2244(d)(2); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  Because a motion for state court rehearing falls within the category of "State post-conviction or other collateral review," it was error for the district court to have failed to toll the statute of limitations during the time Nix appealed the denial of his motion to correct sentence.  Although the district court correctly applied the Bond rule in not counting the 90-day certiorari

6

period towards the one-year habeas limitations period, the district court did err in failing to toll the statute of limitations during Nix's appeal of the denial of his motion to correct sentence. Thus, Nix's habeas petition should not have been dismissed as untimely.

**REVERSED and REMANDED for reinstatement of the petition.**