F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LONNY JONES,

       Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

       Respondent - Appellee.

No. 06-6057
(D.C. No. 05-CV-630-L)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Lonny Jones, a state inmate appearing pro se, seeks a certificate of

appealability (COA) so that he may appeal from the district court's denial of his

habeas petition filed pursuant to 28 U.S.C. § 2254. Because Mr. Jones has failed

to demonstrate that it is reasonably debatable whether the district court's

procedural ruling dismissing his claim is correct, Slack v. McDaniel, 529 U.S.

473, 484 (2000), we deny a COA and dismiss the appeal.

Mr. Jones was convicted in Oklahoma state court of assault and battery on

a police officer (count 1), possession of a firearm after felony conviction (count

2), resisting a police officer (count 3), and aggravated trafficking in

methamphetamine (count 4). He was sentenced to 5 years, 2 years, 1 year and a $250 fine, 35 years and a $50,000 fine, respectively. He appealed, and on August 27, 2003, the Oklahoma Court of Criminal Appeals (OCCA) affirmed counts 1 and 2, reversed on count 3, and reduced the sentence on count 4 to 30 years and dismissed the fine. On July 9, 2004, Mr. Jones moved for a 60-day continuance to file his motion for post-conviction relief, which was denied on July 13, 2004. But upon rehearing, the motion was granted and Mr. Jones was given until September 30, 2004 to file. On September 27, 2004, Mr. Jones filed his motion for post conviction relief, which the state district court denied on November 2, 2004. Apparently Mr. Jones did not receive a copy of that decision until December 15, 2004.[1] Mr. Jones appealed, and the OCCA dismissed on timeliness grounds. On January 10, 2005, he sought a rehearing at the state district court, which was denied on March 28, 2005.

On June 3, 2005, Mr. Jones filed his federal habeas petition.[2] In it, he

_____

[1] The state apparently stipulated to this fact.

[2] In his Report and Recommendation, the magistrate judge concluded that Mr. Jones' habeas petition was filed on April 25, 2005, the date reflected on the original petition's certificate of mailing. Report and Recommendation at 3. The district court disagreed with that determination, finding instead that the date of filing was June 3, 2005. Apparently the magistrate judge overlooked the law regarding the prison mailbox rule as articulated in United States v. Cebellos-Martinez, 371 F.3d 713 (10th Cir. 2004). Upon review of the record and the district court's application of Ceballos-Martinez, we find the district court's conclusion undebatable and thus base our limitations determination on a filing date of June 3, 2005.

challenged his convictions on several grounds. The state moved for dismissal, arguing that the petition was time-barred. The magistrate judge disagreed, recommending the motion be denied because equitable tolling rendered the petition timely. See Report and Recommendation at 7-8.

On January 23, 2006, without addressing Mr. Jones' constitutional claims, the district court dismissed his habeas petition as time-barred by the one-year limitations period in 28 U.S.C. § 2244(d)(1). When the district court denies a habeas petition on procedural grounds and fails to address the prisoner's constitutional claims, we may issue a COA only if the prisoner demonstrates that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484.

On appeal, Mr. Jones argues the merits of his claims and that the district court erred in determining that his action is time-barred. The district court's conclusion that Mr. Jones' claims are time-barred is not reasonably debatable. Mr. Jones' convictions became final on November 25, 2003, the last day on which he could have file a certiorari petition with the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 527-28 (2003) (adding 90-day period in which defendant could seek certiorari). Thereafter, Mr. Jones had one-year to file his federal habeas petition, but the time period would be tolled during the time a properly filed state post-conviction motion was

- 3 -

pending.  See 28 U.S.C. § 2244(d)(1)(A), (d)(2).  Three-hundred six days elapsed without such a motion.  On September 27, 2004, Mr. Jones filed a motion for post-conviction relief, which the state district court denied on November 2, 2004.  The limitations period was tolled during that time.  28 U.S.C. § 2244(d)(2).  But it was not tolled during the pendency of Mr. Jones' notice of appeal and petition in error because they were untimely.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Nonetheless, the limitations period was tolled during the 30-day period that he could have timely filed a petition in error.[3]  See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004) (because New Mexico did not preclude the filing of a rehearing petition to reconsider the denial of certiorari, that time would be tolled even where petitioner did not so file); see also Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law).  Thereafter, another thirty-seven days passed until Mr. Jones filed a motion for rehearing in state district court.  That motion, which again tolled the limitation period, see Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1237 (11th Cir. 2004) (per curiam), was pending from January 10 to March 28, 2005.  Thus, Mr. Jones had another twenty days, i.e., until April 19, 2005, to file his habeas

_____

[3] While a notice of intent to appeal must be filed within 10 days of an adverse ruling, a petition in error allows 30 days.  See Rule 5.2(C)(1)-(2), Okla. Stat. tit. 22, Ch. 18, app.  We give Mr. Jones the benefit of the longer period.

petition. He did not do so until June 3, 2005; it was therefore untimely.

Mr. Jones argues that the limitations period should be tolled during certain additional periods. First, he contends that during the seventy-two day period in which he prepared his state application for post conviction relief—i.e., from July 9, 2004, the date he moved for a 60 day continuance to file his motion, until September 27, 2005, the date his motion was filed—the limitations period should not have run. The limitations period is tolled while a *properly filed application* for post-conviction or other collateral review *is pending*, not during its preparation. See 28 U.S.C. § 2244(d)(2); cf. Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (holding that an application is *pending* as long as the ordinary state collateral review process is "in continuance"—i.e., "until the completion of" that process).

Second, Mr. Jones contends the limitation period should have tolled for an additional forty-three days, representing the time he was unaware that the state court had denied him post-conviction relief. The limitations period is subject to equitable tolling in extraordinary circumstances. Gibson, 232 F.3d at 808. This court has previously indicated that it would allow for such tolling when a prisoner, despite his diligence, lacked knowledge that the state court reached a final decision on his case. See Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001). It is undisputed that Mr. Jones did not receive notice of denial until December 15, 2004. But the limitations calculated above afforded Mr. Jones

the thirty day period in which he had to file a petition in error.  Thus, the most he could benefit from his lack of knowledge is thirteen days, which is insufficient to render his petition timely.

Last, Mr. Jones argues the limitation period should be tolled for the forty-five days between April 6 and May 21, 2005, when, according to him, he was unable to access applicable forms, addresses, or the mailbox due to a prison-wide lock down.  Though there is evidence of a lock down in the record, Mr. Jones claim fails because he has not shown that he was denied access he sought during the lock down, or that such denial caused him to be unable to timely file his petition.  See 28 U.S.C. § 2244(d)(1)(B).  In fact, our review of the record reveals that Mr. Jones accessed the prison mail system within the time he claimed to be in lock down.  See Aplt. Br. Ex. U (alleging that on April 13, 2005 he filed a notice of appeal in state court).

We GRANT IFP status, DENY a COA, and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge