[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16799
Non-Argument Calendar

_____

D. C. Docket No. 05-60323-CV-UUB

HELDRADO ZULUAGA,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 29, 2006)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

The question in this appeal, on which we granted a certificate of

appealability, is whether a petition for habeas corpus was erroneously dismissed by

the district court as barred by the one-year statute of limitations. Heldrado

Zuluaga, a Florida state prisoner, filed pro se a petition for a writ of habeas corpus

in federal district court. See 28 U.S.C. § 2254. A petition for a writ of habeas

corpus must be filed within a year after the petitioner's conviction becomes final

"by the conclusion of direct review or the expiration of the time for seeking such

review." Id. § 2244(d)(1)(A). Zuluaga appealed his conviction and sentence to a

Florida appellate court, which dismissed his appeal, but he did not seek review of

the dismissal in either the Supreme Court of Florida or the Supreme Court of the

United States. The district court adopted a report and recommendation by a

magistrate judge that concluded that Zuluaga's petition should be dismissed as

untimely. Neither the district court nor the magistrate judge considered whether

Zuluaga was entitled to the additional time in which he could have sought review

of the dismissal by the Florida appellate court. Because the district court should

have considered whether Zuluaga was entitled to the 90-day period for seeking

review in the Supreme Court of the United States, we vacate the order of the

district court and remand for further proceedings.

## I. BACKGROUND

In August 1994, Zuluaga pleaded guilty, and when he did not appear at his

sentencing on December 2, 1994, he was sentenced in absentia. In 1998, Zuluaga

2

was re-apprehended, and he appeared in court on May 29, 1998, where he was informed of the sentence that had been imposed in 1994 and incarcerated. On June 29, 1998, Zuluaga appealed his conviction and sentence, through counsel, to a Florida District Court of Appeal. The appeal was dismissed on January 25, 2000, and Zuluaga did not seek review of the dismissal in the Supreme Court of Florida or the Supreme Court of the United States.

Zuluaga represents that he then filed several motions for postconviction relief in Florida trial court. Zuluaga contends that on May 25, 2000, he filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. Ultimately, the trial court denied the motion, a Florida District Court of Appeal affirmed the denial, and a mandate issued from the appellate court on April 21, 2003. Zuluaga contends that on January 7, 2004, he filed a motion for postconviction relief under Rule 3.800 of the Florida Rules of Criminal Procedure, which also was denied by the trial court. A Florida District Court of Appeal affirmed the denial and issued a mandate on May 21, 2004. Finally, Zuluaga contends that on April 26, 2004, before the mandate issued on his Rule 3.800 motion, he filed a second motion for postconviction relief under Rule 3.850. That motion was denied by the trial court, the denial was affirmed, and a mandate issued from the appellate court on January 7, 2005. Neither Zuluaga nor the Secretary has

3

offered into the record any documents that support these contentions by Zuluaga, but the Secretary also has not denied Zuluaga's contentions.

On February 17, 2005, Zuluaga filed his petition for a writ of habeas corpus in federal district court. The district court referred the petition to a magistrate judge for a report and recommendation. The Secretary argued to the magistrate judge that Zuluaga's petition was untimely, because Zuluaga's conviction became final 30 days after Zuluaga was sentenced in absentia on December 2, 1994. Zuluaga countered that his petition was timely, because his conviction did not become final until after he was re-apprehended in 1998.

The magistrate judge recommended to the district court that Zuluaga's petition be dismissed as untimely. The magistrate judge reasoned that, even under Zuluaga's timeline, Zuluaga's conviction became final on January 25, 2000, the date on which Zuluaga's direct appeal was dismissed, and the applicable tolling was insufficient to render timely Zuluaga's petition of February 17, 2005. The magistrate judge concluded that he need not definitively determine the date on which Zuluaga's conviction became final but assumed, for purposes of his decision, that Zuluaga's conviction became final on the date on which Zuluaga's direct appeal was dismissed. The magistrate judge did not consider whether Zuluaga was entitled to the additional time in which he could have sought review

4

of the dismissal of his direct appeal.

Zuluaga objected to the report and recommendation of the magistrate judge. He asserted that a conviction ordinarily does not become final until the time for seeking review from the Supreme Court of the United States expires. The district court adopted the report and recommendation of the magistrate judge over Zuluaga's objection. We granted a certificate of appealability on one issue: "[w]hether the district court erred by dismissing appellant's 28 U.S.C. § 2254 petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations?"

## II. STANDARD OF REVIEW

We review de novo the dismissal of a petition for a writ of habeas corpus as untimely. Nix v. Sec'y for the Dept. of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004).

## III. DISCUSSION

Although Zuluaga devotes nearly all of his brief to a matter outside the scope of the timeliness issue that we certified for appeal, we do not conclude that Zuluaga has abandoned the timeliness issue. Cf. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (discussing waiver of issues not argued in briefs). Zuluaga does assert in his brief that "the district court's analysis of his time frame was incorrect," and we construe pro se pleadings

5

liberally, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). In addition, the Secretary has not argued that Zuluaga abandoned the timeliness issue.

Zuluaga argues that the district court erred when it determined that Zuluaga's petition was untimely. The Secretary counters that the district court did not err, because Zuluaga's petition was filed after the one-year statute of limitations had expired. Neither party addressed in their briefs the failure of the district court to consider the 90-day period for seeking review in the Supreme Court of the United States.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations. That year commences in most cases on the date the prisoner's conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment . . . is pending." Id. § 2244(d)(2).

As Zuluaga noted in his objections to the report and recommendation of the magistrate judge, a conviction might not become final until the expiration of the time period for seeking review in the Supreme Court of the United States. The

6

Supreme Court of the United States may grant a writ of certiorari to review the final judgment of the "highest court of a State in which a decision could be had." Id. § 1257(a). A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. U.S. Sup. Ct. R. 13.1. "In our decisions regarding the timeliness of habeas petitions filed by Florida prisoners, we have required the inclusion of the 90-day period for seeking direct review in the Supreme Court whenever the prisoner sought review in the highest court of Florida in which direct review could have been had." Pugh v. Smith, 465 F.3d 1295, __, Nos. 05-12100, 05-13021, slip op. at 8 (11th Cir. Sept. 29, 2006) (discussing Nix, 393 F.3d 1235, and Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)).

The magistrate judge and the district court assumed, without deciding, that Zuluaga's conviction became final on the date on which Zuluaga's direct appeal was dismissed, but they did not consider whether Zuluaga was entitled to the 90-day period for seeking review in the Supreme Court of the United States. If we take as true Zuluaga's representations regarding his postconviction motions, the 90-day period would affect the timeliness of Zuluaga's petition. Zuluaga's conviction would not have become final until April 24, 2000, 90 days after his direct appeal was dismissed. The one-year statute of limitations would have

7

commenced on that date and run for 30 days until May 25, 2000, when Zuluaga filed his first Rule 3.800 motion for postconviction relief. The limitations period would have been tolled until April 21, 2003, when the Florida appellate court issued the mandate affirming the denial of Zuluaga's motion. The limitations period would then have run for 260 days until January 7, 2004, when Zuluaga filed his Rule 3.850 motion for postconviction relief. Because Zuluaga filed his second Rule 3.800 motion while his Rule 3.850 motion was pending, the limitations period would have been tolled until January 7, 2005, when the mandates for both motions had been issued. The limitations period would then have run for 40 days until February 17, 2005, when Zuluaga filed in federal district court his petition for a writ of habeas corpus. Only 330 days of the one-year limitations period would have elapsed, and Zuluaga's petition would have been timely filed.

We remand this matter to the district court for further proceedings. The district court must decide whether Zuluaga was entitled to the 90-day period for seeking review in the Supreme Court of the United States. The district court may also need to determine other issues it previously left unresolved, such as whether Zuluaga's contentions regarding his postconviction motions are true and whether the Secretary has correctly argued that Zuluaga's conviction became final 30 days after Zuluaga was sentenced in absentia on December 2, 1994.

8

## IV. CONCLUSION

The order of the district court is **VACATED**, and this matter is

**REMANDED** for further proceedings consistent with this opinion.