[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-14992

_____

D. C. Docket No. 04-23046-CV-PAS

GARY L. ROBBINS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 3, 2007)**

Before BARKETT and KRAVITCH, Circuit Judges, and TRAGER,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable David G. Trager, United States District Judge for the Eastern District of New
York, sitting by designation.

Appellant Gary L. Robbins, a Florida prisoner proceeding pro se, appeals the

district court's dismissal of his application for a writ of habeas corpus, brought

pursuant to 28 U.S.C. § 2254, as time-barred under the one-year statute of

limitations under the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA), 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability as to

the following issue:

> Where a habeas petitioner, who was resentenced after the affirmance of his
> convictions on direct appeal, challenges only the original trial proceedings,
> whether the triggering date for AEDPA's one-year statute of limitations, 28
> U.S.C. § 2244(d)(1)(A), is measured from the date the resentencing
> judgment became final or from the date the original conviction became
> final?

The district court correctly recognized that the AEDPA establishes a one-

year limitations period, which governs this case.[1] Robbins was therefore required

to file his habeas petition not more than one year from "the date on which the

judgment became final by the conclusion of direct review." 28 U.S.C.

§ 2244(d)(1)(A) (emphasis added). The district court faltered, however, in

---

[1] The AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of --
> > (A) the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).

2

determining that the conviction had become final for the purposes of § 2244(d)(1)(A) when it was affirmed on direct appeal.

The plain meaning of the statute forecloses the district court's interpretation of the statute, as the State now forthrightly acknowledges. Although in the district court the State argued to the contrary, it now agrees with Robbins that the judgment of conviction was not final until both the conviction and the sentence were affirmed on direct appeal. See 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final by "the conclusion of direct review"). Therefore, the one-year limitations period began to run on December 11, 2001—ninety (90) days after the appellate court affirmed the sentence imposed at resentencing, the time in which Robbins could have sought certiorari review from the U.S. Supreme Court of both his conviction and sentence. Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004) (Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review with the Supreme Court expired). Accordingly, Robbins' petition was timely, and we reverse and remand for the trial court to address the merits of the petition.

**REVERSED AND REMANDED**.