[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10850
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60728-KMW

JORDY FOSTER,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Jordy Foster appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, in which he argued that his trial counsel provided ineffective assistance by failing to advise him of the results of psychological testing and by failing to pursue additional testing.  He argues the district court erred in finding his § 2254 petition untimely and in denying the petition on the merits.  We granted a certificate of appealability (COA) on the following questions:

> Whether Mr. Foster's habeas petition was timely under *Gonzalez v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012); and, if timely, whether the state court's determination that Foster's trial counsel was not ineffective for failing to share with him the contents of mental health evaluations, and/or failing to have him evaluated for mental retardation by a neuropsychologist prior to entering his guilty plea, was contrary to, or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding?

Upon review,[1] we conclude that while Foster's petition was timely, he has not made the requisite showing for relief under § 2254 .  Accordingly, we affirm the district court's denial of his petition.

---

[1] We review a district court's denial of a habeas petition under § 2254 de novo and its factual findings for clear error.  *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).  A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo.  *Id.*

## I.  TIMELINESS

To evaluate the timeliness of Foster's petition, we must recite the procedural history of his conviction and appeals in Florida court.  Foster pleaded guilty to the second-degree murder of his infant son, and the state court sentenced him to 45 years' imprisonment.  Foster appealed, and the Florida appellate court affirmed on June 9, 2010.  *Foster v. State*, 52 So. 3d 672 (Fla. 4th DCA 2010).  Foster moved for post-conviction relief in the state court under Florida Rule of Criminal Procedure 3.850(d) on June 28, 2011.  The state court denied the Rule 3.850 motion, Foster again appealed, and the state appellate court affirmed on February 24, 2012.  Foster petitioned the Supreme Court of Florida to review the appellate court's decision, but the Court found that it lacked jurisdiction.

Foster filed the instant § 2254 habeas petition with the district court on April 23, 2012.  As the parties agree, this filing was timely under the Antiterrorism and Effective Death Penalty Act because it fell within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Foster's judgment became final when the time for seeking review before the Florida Supreme Court expired, *see Gonzalez v. Thaler*, 132 S. Ct. 641, 649-52 (2012), which occurred on September 7, 2010, ninety days after the Florida appellate court issued its per curiam affirmance of Foster's conviction, *see Nix v. Sec'y for the Dep't of Corr.*,

3

393 F.3d 1235, 1236-37 (11th Cir. 2004).  Foster's motion under Rule 3.850, filed 294 days later, tolled the one-year limitations period until February 24, 2012, when the mandate issued on the denial of his motion.  *See* 28 U.S.C. § 2244(d)(2).  Foster then filed his § 2254 petition on April 23, 2012, 59 days later.  Thus, a total of only 353 days of elapsed for the purpose of the limitations period, and Foster's petition was timely.

## II.  MERITS

To succeed in this appeal, Foster must show that the state court's conclusion that his trial counsel was not ineffective either for failing to tell him the results of his mental health evaluations or for failing to pursue further evaluation by a neuropsychologist was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(1)-(2).  Foster was initially examined by Dr. Michael Brannon, who opined that Foster appeared to be of average intelligence.  The record suggests that Dr. Brannon recommended further evaluation by a neuropsychologist, Dr. Alex Arias, and a motion before the trial court speculated that Foster may have a learning disability or be mentally retarded.  However, in light of Dr. Brannon's finding that Foster was of average intelligence, Foster cannot cite federal law clearly establishing that his counsels' failure to pursue further psychological testing rendered their assistance ineffective.  *See Strickland*

4

*v. Washington.* 466 U.S. 668, 688 (1984) (explaining that ineffective assistance means assistance that is unreasonable under "prevailing professional norms").

Similarly, with no evidence that Foster was of anything but average intelligence, we cannot conclude that the state court would contradict or misapply clearly established federal law by determining that Foster could not show any prejudice even if he did receive ineffective assistance. *See id.* at 694 ("[Prejudice] is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). For these reasons, Foster cannot show that his the state courts' applications of federal law were incorrect, much less that they were objectively unreasonable. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." (internal quotation marks and citation omitted)).

Accordingly, while Foster's habeas petition was timely, it fails on its merits, and on that basis we affirm the district court.[2]

**AFFIRMED.**

---

[2] Although Foster also argued that his trial counsel was ineffective for failing to conduct an adequate mitigation investigation prior to sentencing, this argument is beyond the scope of the COA, and we will not consider it. *Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340-41 (11th Cir. 2007).