[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13202
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80763-DMM

JOSE PEREZ ORTIZ,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 6, 2015)

Before TJOFLAT, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Jose Perez Ortiz, a Florida state prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. This court granted a certificate of appealability on one issue: whether the District Court erred in dismissing Ortiz's petition as time-barred based on an incorrect calculation of the date his convictions became final under 28 U.S.C. § 2244(d)(1)(A).

Under 28 U.S.C. § 2244, a one-year limitation period shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period shall run from the latest of, among other dates, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The Supreme Court, in *Clay v. United States*, stated that when a petitioner challenges his conviction on the merits on direct review, "[f]inality attaches when this Court . . . denies a petition for a writ of *certiorari*." *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003); *see also Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004).

As Ortiz argues and the State concedes on appeal, the District Court erred in its calculation of the date Ortiz's convictions became final. The court calculated finality from the date the time for filing a *certiorari* petition expired, but Ortiz in fact filed a *certiorari* petition, which the United States Supreme Court denied on

2

January 8, 2007, six days after the time for filing a *certiorari* petition would have expired. *Clay*, 537 U.S. at 527, 123 S. Ct. at 1076; *Ortiz v. Florida*, 549 U.S. 1129, 127 S. Ct. 965, 166 L. Ed. 2d 733 (2007). Based on a conviction finality date of January 8, 2007, the limitations period ran for a total of 363 untolled days as of August 29, 2013, the date Ortiz alleged he filed his § 2254 petition by delivering it to prison officials for mailing.

However, there is uncertainty in the record as to when exactly Ortiz filed his § 2254 petition, which was not docketed in the District Court until May 2014, was filed in incomplete form, and contained only a handwritten notation about delivery to prison officials rather than an official stamp. Further, the court made no finding as to whether the petition was filed, as it merely assumed, without deciding, that it was filed on the date Ortiz alleged. Accordingly, we vacate the dismissal of Ortiz's § 2254 petition and remand for further proceedings, including a determination of whether Ortiz's petition was in fact timely based on the correct date his convictions became final.

VACATED AND REMANDED.

3