[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12996

Non-Argument Calendar

_____

ONIEL PEDLEY,

Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF
CORRECTIONS,
Secretary Florida Department of
Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80616-KMM

————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Oniel Pedley, a Florida prisoner, appeals *pro se* the dismissal of his petition for a writ of habeas corpus as untimely. 28 U.S.C. § 2244(d). We affirm.

Pedley is serving a life sentence for three counts of attempted first-degree murder with a firearm, one count of robbery with a firearm, and one count of armed kidnapping. The trial court entered an amended sentence on May 21, 2012, and Pedley did not appeal. On April 15, 2014, Pedley moved for postconviction relief, Fla. R. Crim. P. 3.850, which was denied, and his appeal was dismissed on November 21, 2017.

On November 18, 2020, Pedley moved the state court to accept as timely filed an attached motion to correct an illegal sentence, Fla. R. Crim. P. 3.800(a), after he allegedly found the motion in his legal storage box and inquired about its status. The motion included a handwritten certificate of service that Pedley "hereby certif[ied] that [he] handed a true and correct copy of the instant motion to Pre-Trial Detention Center officials for mailing . . . on this 13 day of February 2013." On March 3, 2021, the state court

granted Pedley's motion to accept "[b]ecause there is no time limit on filing a motion to correct an illegal sentence under Rule 3.800(a)" and denied the motion to correct on the merits.

On March 22, 2021, Pedley petitioned for a writ of habeas corpus. 28 U.S.C. § 2254. Pedley argued that his petition was timely because he filed the motion to correct on February 13, 2013, which tolled the limitations period until the state court denied the motion on March 3, 2021.

The district court dismissed the petition as untimely. The district court ruled that Pedley's allegation that he filed a motion to correct on February 13, 2013, was unsupported by the record because there were no docket entries in the state court before the limitations period elapsed on June 20, 2013, and because nothing in his motion to accept filed in 2020 supported his allegation that he delivered the motion to correct to officials for mailing in 2013.

Pedley moved for reconsideration. Pedley asserted that he hand-delivered his motion to correct to officials at the pretrial detention center on February 13, 2013, by affixing postage and placing the addressed envelope between cell bars for an officer to pick up, which was the policy. He asserted that his only proof of timeliness was the dated certificate of service, which was sufficient under Florida law. The district court ordered the state to respond and address whether evidence existed to support Pedley's argument that he complied with the state "mailbox rule" in filing his motion to correct.

The state responded that the detention center did not keep logs of outgoing mail except occasionally when an inmate would give mail to a counselor, and the policy was to destroy any information about mail after four years. Pedley's only commissary charges in February 2013 were for a daily "sub-fee," which was a daily cost that included housing, food, and clothing. Pedley's commissary charges did *not* include any amounts paid for postage. The district court denied the motion for reconsideration.

The only issue on appeal is whether the district court erred by dismissing Pedley's petition for a writ of habeas corpus as untimely, which we review *de novo. Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1328 (11th Cir. 2020). We review factual findings for clear error. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2009). We will not "disturb a credibility determination unless it is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Riolo v. United States*, 38 F.4th 956, 968 (11th Cir. 2022).

The Antiterrorism and Effective Death Penalty Act imposes a one-year period of limitation for a petition for a writ of habeas corpus filed by a state prisoner. 28 U.S.C. § 2244(d)(1). The limitations period runs from, among other things, the date a state prisoner's conviction becomes final, which is "at the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). "The time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C § 2244(d)(2). A state postconviction motion filed after the expiration of the federal limitations period does not revive it. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

The district court did not err by dismissing Pedley's petition for a writ of habeas corpus as untimely. The state court made no ruling about whether Pedley's motion to correct should be treated as having been filed in 2013, but instead reviewed it on the merits because there was no deadline for filing a motion to correct an illegal sentence, Fla. R. Crim. P. 3.800(a). In the absence of a finding of timeliness by the state court, the district court committed no clear error in determining that Pedley's self-serving allegation—that he had filed a motion to correct in 2013, days before the limitations period expired, and "found" it more than *seven years later*—lacked any credible support in the record and that Pedley failed to establish that he properly filed a state postconviction motion before the limitations period expired on June 20, 2013. *See* 28 U.S.C. § 2244(d)(1); *Nix*, 393 F.3d at 1236–37. Because Pedley failed to file his petition for a writ of habeas corpus within the one-year federal limitations period, the district court did not err by dismissing the petition as untimely.

We **AFFIRM** the dismissal of Pedley's petition for a writ of habeas corpus.