[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10542

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00027-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHEDDIE LAMAR GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2010)

Before EDMONDSON, BARKETT and ROTH,* Circuit Judges.

PER CURIAM:

_____

*Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

Cheddie Lamar Griffin appeals his convictions and sentences for carjacking, in violation of 18 U.S.C. § 2119; four counts of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); kidnapping, in violation of 18 U.S.C. § 1201; two counts of robbery, in violation of 18 U.S.C. § 1951; and armed robbery, in violation of 18 U.S.C. § 2113(a), (d), and (e). He raises three issues regarding his convictions and sentences on appeal, and, having reviewed the record, considered the briefs of the parties and oral argument of counsel, we find no reversible error. We will address each issue in turn.

## I. Conviction

Griffin first argues that the district court abused its discretion in denying his motion for a mistrial in which he contended that a government witness's testimony about Griffin's alleged commission of a potentially criminal, yet uncharged act was impermissible under Fed. R. Evid. 404(b). Griffin also asserts that the prosecutor's failure to disclose the information he knew about this statement was a discovery violation and constituted prosecutorial misconduct.

We review a district court's denial of a motion for a mistrial for an abuse of discretion, United States v. Demarest, 570 F.3d 1232, 1239 (11th Cir. 2009), and "review the evidentiary rulings of the trial court only for a clear abuse of discretion," United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009). In

2

this case the witness's testimony to which Griffin objected was not introduced by the government but came out in response to defense counsel's cross-examination questions. Thus, the government did not seek to introduce, and the district court did not admit, the objectionable statement under Rule 404(b). Rather, the statement was made by the witness in response to <u>defense counsel's</u> repeated questioning on cross-examination regarding the witness's penchant for lying. Although the witness's testimony on cross-examination involved potentially inadmissible evidence, this circuit has held "that where the injection of allegedly inadmissible evidence is attributable to the action of the defense, its introduction does not constitute reversible error." <u>United States v. Jernigan</u>, 341 F.3d 1273, 1289 (11th Cir. 2003) (quotation marks and citation omitted). Moreover, immediately after the questionable statement was uttered, the court held a sidebar conference, and after denying Griffin's motion for mistrial, expressly admonished the jury that Griffin was on trial only "for the specific offenses alleged in the Indictment." Because defense counsel elicited the objectionable testimony, we find no reversible error in the district court's denial of a mistrial.

We likewise find no reversible error in the prosecutor's failure to disclose what he knew about the substance of the questionable statement. The government explained that it never intended to offer the statement into evidence and that it only

came out on cross-examination conducted by Griffin. Under these circumstances, we find no error in the denial of Griffin's motion for a mistrial.[1]

Second, Griffin challenges his conviction on the basis that the district court violated his due process rights by allowing his trial attorney to testify at a post-trial competency hearing because such testimony was derived from communications protected by the attorney-client privilege. He also argues that the court abused its discretion in finding that he was competent at the time of trial based on evidence of competence generated after the trial had concluded. The government responds that the waiver provision of Rule 59(a) of the Federal Rules of Criminal Procedure precludes any further review of Griffin's claims because a magistrate judge issued both of the rulings and Griffin never sought review of the rulings with the district court.

We agree with the government that Griffin waived any challenge to the magistrate's ruling as to competency because he never appealed this issue to the district court. Rule 59(a) provides that failure to object to a magistrate's ruling on a dispositive matter "waives a party's right to review." The Advisory Committee

---

[1] Moreover, even if there was any error, it was harmless because there was overwhelming evidence of Griffin's guilt. United States v. Nilsen, 967 F.2d 539, 544 (11th Cir. 1992) ("[P]rejudicial testimony will not mandate a mistrial when there is other significant evidence of guilt which reduces the likelihood that the otherwise improper testimony had a substantial impact upon the verdict of the jury.") (quotation marks and citation omitted).

4

Note to this rule states that the "waiver provision is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions." Fed. R. Crim. P. 59 advisory committee's note.

Indeed, this circuit's precedent is well-settled that failure to comply with the objection and review provisions of Rule 59(a) is jurisdictional. See United States v. Brown, 441 F.3d 1330, 1352 (11th Cir. 2006) ("We lack jurisdiction to review the magistrate judge's order because [the defendant] never appealed the ruling to the district court."). Accordingly, we are without jurisdiction to consider Griffin's challenge to the magistrate's rulings on his competency and related attorney-client privilege objection.

## II. Sentencing

Griffin finally argues that the district court erred in sentencing him to a seven-year consecutive sentence on one count of brandishing a firearm in relation to a crime of violence under § 924(c)(1)(A)(ii) because he faced a higher mandatory-minimum sentence of twenty-five years imprisonment, pursuant to § 924(c)(1)(C)(i). Griffin's arguments regarding the imposition of a consecutive seven-year sentence under § 924(c)(1)(A)(ii) have recently been considered and rejected by this circuit in United States v. Segarra, 582 F.3d 1269 (11th Cir. 2009) and United States v. Tate, 586 F.3d 936 (11th Cir. 2009).

5

For the foregoing reasons, we affirm Griffin's convictions and sentences.

**AFFIRMED.**