[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10331

_____

D.C. Docket Nos. 8:18-cv-01721-RAL-TGW; 8:08-cr-00027-RAL-TGW-1

CHEDDIE LAMAR GRIFFIN,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 10, 2021)

Before ROSENBAUM, LUCK, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Cheddie Lamar Griffin appeals the district court's denial of his second or

successive 28 U.S.C. § 2255 motion to vacate his conviction for using, carrying, or

possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Griffin's conviction was predicated on a separate conviction for kidnapping under 18 U.S.C § 1201(a). After careful review, we affirm.

**I.**

Griffin and his coconspirators kidnapped an individual at gunpoint and robbed him by forcing him to withdraw money from an ATM. A few weeks later, Griffin robbed a car-stereo store at gunpoint. In connection with those crimes, Griffin was indicted and charged with one count of carjacking, in violation of 18 U.S.C. § 2119 (Count One); one count of kidnapping, in violation of 18 U.S.C. § 1201 (Count Three); two counts of robbery, in violation of 18 U.S.C. § 1951 (Counts Five and Eight); one count of armed robbery, in violation of 18 U.S.C. § 2113(a), (d), and (e) (Count Six); and four counts of brandishing a firearm in relation to a crime of violence, in violation of § 924(c) (Counts Two, Four, Seven, and Nine). A jury found Griffin guilty of all nine counts.

Griffin was sentenced to concurrent terms of imprisonment consisting of 15 years for carjacking, life for kidnapping, 20 years for each of the two counts of robbery, and 25 years for armed robbery. He also received consecutive sentences for each of his four § 924(c) convictions, totaling an additional 82 years' imprisonment. In all, Griffin was sentenced to life plus 82 years' imprisonment.

Griffin filed a direct appeal, and we affirmed. *United States v. Griffin*, 380 F. App'x 840 (11th Cir. 2010). In 2011, Griffin filed his first § 2255 motion to vacate. It was unsuccessful.

A few years passed, and in 2015, the Supreme Court issued *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Court held that the so-called residual clause within the definition of the term "violent felony," in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 576 U.S. at 606. A year later, the Supreme Court made clear that *Johnson* announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

After *Johnson* issued, Griffin filed an application with this Court seeking authorization to file a second or successive motion to vacate his § 924(c) convictions. Griffin relied on *Johnson* to argue that his § 924(c) convictions were invalid because *Johnson*'s retroactively applicable new rule invalidating § 924(e)'s residual clause, which offered a definition of the term "violent felony," rendered § 924(c)'s similarly worded residual clause,[1] which provided a definition of the term "crime of violence," § 924(c)(3)(B), unconstitutionally vague.

---

[1] Section 924(c)'s residual clause defines a "crime of violence" as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

3

On July 27, 2016, we denied Griffin's application with respect to his § 924(c) convictions based on his robbery and carjacking convictions. We explained that even assuming *Johnson*'s new rule meant that § 924(c)'s residual clause was also unconstitutionally vague, those crimes still qualified as "crimes of violence" under § 924(c)'s elements (or use-of-force) clause, § 924(c)(3)(A).[2] But, "under *Johnson*," we granted Griffin's application challenging his § 924(c) conviction (Count Four) based on his federal kidnapping conviction because we had not yet determined whether federal kidnapping, as defined in 18 U.S.C. § 1201(a), qualified as a "crime of violence" under § 924(c)'s elements clause.

On July 16, 2018, Griffin filed in the district court the motion to vacate that we had authorized nearly two years earlier. In it, he challenged his kidnapping-predicated § 924(c) conviction. But instead of relying solely on *Johnson*, Griffin argued that his kidnapping conviction could no longer serve as a predicate crime of violence under § 924(c) because of both *Johnson* and the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Dimaya* held the residual clause of 18 U.S.C. § 16, which defined the term "crime of violence" for purposes of the

---

[2] Section 924(c)'s elements (or use-of-force) clause alternatively defines the term "crime of violence" as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Immigration and Nationality Act,[3] to be unconstitutionally vague, based on a "straightforward application" of *Johnson*. *Dimaya*, 138 S. Ct. at 1213.

On October 4, 2018, we held that *Johnson* and *Dimaya* did not make § 924(c)'s residual clause unconstitutionally vague. *Ovalles v. United States*, 905 F.3d 1231, 1233-34 (11th Cir. 2018) (en banc), *abrogated by United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). Relying on *Ovalles*, the district court denied Griffin's motion to vacate on January 4, 2019.

*Ovalles*'s holding was short-lived: On June 23, 2019, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that § 924(c)'s residual clause is unconstitutionally vague. Two months later, we granted Griffin a certificate of appealability on the following issue: "Whether Griffin's 18 U.S.C § 924(c) conviction charged in Count Four of the superseding indictment is valid?"[4]

Now, on appeal, Griffin argues, based on *Davis*, that § 924(c)'s residual clause is unconstitutionally vague, and, as a result, his kidnapping-predicated § 924(c) conviction is no longer valid.

---

[3] Section 16's residual clause defined the term "crime of violence" to mean "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

[4] Griffin's § 924(c) conviction charged in Count Four is predicated on his federal kidnapping conviction charged in Count Three.

## II.

In a § 2255 proceeding, we review questions of law de novo, and we review the district court's findings of fact for clear error. *United States v. Pickett*, 916 F.3d 960, 964 (11th Cir. 2019). We may affirm for any reason supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

## III.

First, we must determine whether we have jurisdiction to hear this case. The government contends that the district court's jurisdiction and therefore our jurisdiction on this appeal is limited to the *Johnson* claim that we authorized Griffin to pursue in a second or successive § 2255 motion. For that reason, the government argues that we cannot consider Griffin's *Davis* claim.

District courts lack jurisdiction to consider second or successive motions that have not been authorized by this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *see Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). We may grant authorization only if the second or successive motion will contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

6

This Court has jurisdiction to hear appeals of "final order[s]" in § 2255 proceedings. 28 U.S.C. § 2253(a). Before we can hear an appeal from the "final order in a proceeding under section 2255," a movant must obtain a certificate of appealability from either this Court or the district court. *Id*. § 2253(c)(1)(B). To obtain a certificate of appealability, a movant must make "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

With respect to the district court's jurisdiction, we expressly authorized Griffin under § 2255(h)(2) to file a second or successive motion "challenging his conviction for Count 4 under *Johnson*." So the district court's jurisdiction was limited to Griffin's *Johnson* claim.

Nevertheless, Griffin also asserted a *Dimaya* claim when he filed his second or successive motion with the district court. He did so even though Griffin never sought authorization and we never authorized Griffin to file a second or successive motion based on *Dimaya*, so the district court lacked jurisdiction to consider Griffin's *Dimaya* claim.

On the other hand, our jurisdiction, unlike the district court's, is shaped by the certificate of appealability. *See* 28 U.S.C. § 2253(c); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[U]ntil a [certificate of appealability] has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). Once a certificate of appealability has been granted, the

7

jurisdictional prerequisite to appeal in a post-conviction relief proceeding has been met. *See Thomas v. Crosby*, 371 F.3d 782, 784 (11th Cir. 2004) ("Notably, there is no question we have jurisdiction in this case. . . . [T]he first COA gave us jurisdiction over the appeal."); *Pagan v. United States*, 353 F.3d 1343, 1344–45 (11th Cir. 2003) ("A COA is usually a jurisdictional prerequisite to an appeal in a post-conviction relief proceeding following a state or federal court conviction.").

Here, we granted Griffin's motion for a certificate of appealability on this question: "[w]hether [his] 18 U.S.C. § 924(c) conviction charged in Count Four of the superseding indictment is valid?" Because we granted a certificate of appealability, we have jurisdiction to consider Griffin's appeal.

## IV.

But that we have jurisdiction to consider Griffin's appeal does not mean we have the opportunity to reach the merits of the issues he raises on appeal. Here, the government argues that § 2255's statute of limitations prevents us from considering Griffin's claim at all.[5]

Before reaching the substance of the government's argument, we must address a threshold issue—whether the government waived its time-bar defense. The

---

[5] The government also argues that Griffin procedurally defaulted his *Johnson* claim, that his claim cannot succeed under the concurrent-sentence doctrine, and that, in any case, the claim fails on the merits. We do not reach these issues because, regardless, we conclude that Griffin's *Johnson* claim is time barred.

government invokes its time-bar defense for the first time on appeal; it did not raise this defense in the district court. And § 2255's statute of limitations is "not a jurisdictional bar," so it can be waived or forfeited. *In re Jackson*, 826 F.3d 1343, 1347-48 (11th Cir. 2016) (citation and internal quotations omitted). In general, a "statutory time limitation" defense is forfeited if it is not raised in the defendant's answer. *Day v. McDonough*, 547 U.S. 198, 202 (2006). Once an affirmative defense is forfeited, it normally cannot be raised on appeal. *Wood v. Milyard*, 566 U.S. 463, 470 (2012).

But this rule "is not absolute." *Ramirez v. Secretary, U.S. Dep't of Transp.*, 686 F.3d 1239, 1250 (11th Cir. 2012). This is especially true in habeas cases, where the Supreme Court has acknowledged that "the bar to court of appeals' consideration of a forfeited habeas defense is not absolute." *Wood*, 566 U.S. at 471. Indeed, the Supreme Court has held that courts of appeals have the authority even "to raise a forfeited timeliness defense on their own initiative." *Id*. at 473.

Here, Griffin did not respond to the government's time-bar defense by raising the waiver defense. In fact, Griffin did not respond at all to the government's untimeliness defense. So Griffin has waived his waiver defense. *See Ochran v. United States*, 117 F.3d 495, 503 (11th Cir. 1997); *see also Momient-El v. DeTella*, 118 F.3d 535, 540 (7th Cir. 1997) (addressing exhaustion argument the state failed

9

to raise in the district court because the petitioner did not argue that the state waived its argument; "the defense of waiver can itself be waived").

Nevertheless, that does not mean that we necessarily must consider the government's time-bar defense. In this case, though, "the proper resolution is beyond any doubt," so we conclude that it is appropriate for us to address the argument. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (citation and internal quotation marks omitted).

Section 2255 provides a one-year period to file a motion to vacate. 28 U.S.C. § 2255(f). In many cases, the limitation period runs from "the date on which the judgment of conviction becomes final." *Id*. § 2255(f)(1). But a motion is still timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. § 2255(f)(3).

The government's time-bar argument is a purely legal one, and it does not raise any new factual issues: no dispute exists over the date Griffin's conviction became final, the date the Supreme Court issued *Johnson*, and the date Griffin filed the instant § 2255 motion, so we can easily assess the legal issue—whether Griffin's motion was timely under § 2255's period of limitations.

In evaluating that question, we must conclude that Griffin's motion was not timely. Griffin's conviction became final on August 23, 2010.[6] And the Supreme Court issued *Johnson* on June 26, 2015. So under § 2255(f), in the absence of any tolling, the latest Griffin could have timely filed his authorized *Johnson*-based motion was June 25, 2016. Yet Griffin did not file his motion until more than two years later—on July 16, 2018. Nor does the record here contain any basis for tolling the statutory period.[7] Under these circumstances, we must conclude that Griffin's § 2255 *Johnson* claim is untimely.

## V.

Although we affirm the district court's denial of Griffin's motion because it was untimely under 28 U.S.C. § 2255(f), we conclude by noting that he may still

---

[6] When a movant does not file a petition for certiorari with the Supreme Court, his conviction becomes final when the 90-day period for seeking certiorari under Supreme Court Rule 13 expires. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). Griffin's direct appeal was decided on May 25, 2010. *United States v. Griffin*, 380 F. App'x 840 (11th Cir. 2010). He did not file a petition for certiorari, so his conviction became final August 23, 2010, the day his 90-day period for seeking certiorari ended.

[7] Griffin stated in his second or successive motion before the district court that he mistakenly believed that when the Eleventh Circuit granted his application to file a second or successive motion based on *Johnson*, that sufficed as the filing of his *Johnson*-based motion in the district court. "Equitable tolling is an extraordinary remedy and is applied sparingly." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). To obtain equitable tolling, a movant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Griffin's failure to file his second or successive *Johnson*-based motion for more than two years after we authorized its filing does not qualify for equitable tolling. First, Griffin's failure to file sooner was not "beyond his control." *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) (citation and internal quotation marks omitted). Second, in failing to check on the status of his second or successive motion for two years, we cannot say that Griffin was diligent. And third, nothing about these facts presents "extraordinary circumstances."

11

have a path to challenge his § 924(c) sentence on Count Four. Griffin hasn't sought authorization to file a second or successive application on the basis of *United States v. Davis*, 139 S. Ct. 2319 (2019). Because we have held that "*Davis* announced a new substantive rule of constitutional law in its own right," *see In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019), nothing appears to preclude Griffin from seeking authorization to file a second or successive petition under 28 U.S.C. § 2255(h)(2) (authorizing second or successive motions that contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"), based on *Davis*.

Of course, if Griffin receives authorization and attempts to file another motion based on *Davis*, he will again run into § 2255's period of limitation: *Davis* announced a new right, so the limitation period ended one year after the Supreme Court issued *Davis*. 28 U.S.C. § 2255(f)(3) (the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court"). And because *Davis* was decided on June 24, 2019, Griffin needed to file his motion by June 23, 2020.

On the other hand, the order granting Griffin's certificate of appealability here did so "[i]n light of *Davis*," so Griffin may be entitled to equitable tolling. *See*, *e.g.*, *Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (concluding that equitable tolling was warranted because the petitioner relied on "the misleading

instructions" of a state court). We decide equitable-tolling claims on a "fact-specific, case-by-case" basis, *In re Jackson*, 826 F.3d 1343, 1348 (11th Cir. 2016), and whether Griffin might be entitled to equitable tolling on a *Davis* claim is not before us. We note only that the possibility exists if and when Griffin seeks authorization to file a second or successive application based on *Davis*.

**AFFIRMED.**