[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13957

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHEDDIE LAMAR GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00027-RAL-TGW-1

_____

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Cheddie Griffin, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred by declining to address his argument that he presented extraordinary and compelling reasons for release and abused its discretion in finding that the 18 U.S.C. § 3553(a) factors did not weigh in favor of early release. After careful review, we affirm.

**I.**

In 2008, a jury convicted Griffin of one count of carjacking, *see* 18 U.S.C. § 2119, four counts of brandishing a firearm during and in relation to a crime of violence, *see id.* § 924(c), two counts of Hobbs Act robbery, *see id.* § 1951, and one count of armed bank robbery, *see* § 2113. The evidence showed that Griffin and his co-conspirators kidnapped an individual at gunpoint and robbed him by forcing him to withdraw money from an ATM. A few weeks later, Griffin robbed a car-stereo store at gunpoint.

After trial, but before sentencing, the magistrate judge held a competency hearing and found Griffin competent to proceed. The magistrate judge found that Griffin was "malingering" and that the government had "established without question, by any standard, that the defendant is not impaired by a mental disease and defect," and that he "was competent to stand trial, and [was] competent to undergo sentencing." The court echoed these

findings at sentencing, agreeing that Griffin was "competent under the law" and that he was malingering.

The district court ultimately sentenced Griffin to concurrent terms of imprisonment of 15 years for carjacking, 20 years for Hobbs Act robbery, 25 years for armed robbery, and life for kidnapping. The court reasoned that a life sentence was "required" to deter future criminal conduct and to protect the public given the "violent facts" of the case and Griffin's extensive and escalating criminal history. Griffin also received consecutive sentences for each of his four § 924(c) convictions, totaling 82 years' imprisonment (7 years + 25 years + 25 years + 25 years) consecutive to his other sentences. We affirmed Griffin's convictions and sentence on direct appeal. *See United States v. Griffin*, 380 F. App'x 840, 842 (11th Cir. 2010). And he has unsuccessfully pursued collateral relief under 28 U.S.C. § 2255.

## II.

Since September 2022, Griffin has been attempting to obtain a reduction in his sentence based on intervening changes in the law, including the First Step Act of 2018, through motions for compassionate release or other forms of relief. Notably, the First Step Act amended the penalties for § 924(c) offenses to eliminate "stacking" consecutive 25-year terms for first-time § 924(c) offenders, like Griffin, but it did not provide for retroactive application. See First Step Act, § 403, Pub. L. No. 115-391, 132 Stat. 5194, 5221–22 (Dec. 21, 2018).

In denying his various motions, the district court repeatedly found that Griffin failed to present grounds for a reduction that were consistent with U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). In November 2023, however, the Sentencing Commission amended § 1B1.13 to permit a sentence reduction in certain cases where intervening changes in the law would produce a "gross disparity" between a defendant's "unusually long sentence" and the likely sentence under current law. U.S.S.G. § 1B1.13(b)(6) (Nov. 1, 2023).

In September 2024, relying on § 1B1.13(b)(6), Griffin filed a renewed motion "to reduce [his] sentence to time served" under § 3582(c)(1)(A). He argued that the amendments to § 924(c)'s penalties, along with other intervening changes in the law, including *Erlinger v. United States*, 602 U.S. 821 (2024), and *United States v. Gills*, 938 F.3d 1181 (11th Cir. 2019), had the effect of producing a gross disparity between his sentence and the likely sentence for his conduct under current law, along with the sentences of his coconspirators. Additionally, Griffin contended that a sentence reduction was warranted because he had diminished mental capacity at the time of his conviction. He asserted that he had "been diagnosed as mentally retarded in 1994 by the Florida Social Service Department."

Griffin further contended that the § 3553(a) factors weighed in favor of his release. While he acknowledged his "serious" criminal behavior and apologized for his actions, he maintained that he had been "relatively young" when he committed his previous crimes, was diagnosed as "mentally retarded," and was taking

24-13957                Opinion of the Court                5

medication for his schizoaffective and bipolar disorders that interfered with his decision-making abilities. He claimed he had matured and completed various educational programs during his incarceration, and that he was no longer a danger to the community and would have the support of friends and family upon his release. Griffin's supporting documentation included a letter from the Social Security Administration reflecting his diagnosis of "mental retardation" in 1994, a record of the educational courses Griffin completed while incarcerated, and a copy of his prison disciplinary records.

On September 20, 2024, without requiring a response from the government, the district court entered a text order on the docket denying Griffin's motion for compassionate release. The court explained its view that granting Griffin's motion would be "contrary to the § 3553(a) sentencing factors and § 1B1.13's policy statement and put the community at risk of violence [by Griffin]." The court cited "the violent nature of the crimes for which [Griffin] was convicted by a jury," as well as "his extensive criminal history, which commenced when he was twelve (12) years old and resulted in a career offender designation with 33 criminal history points" and a criminal history category of VI.[1] Finding these reasons sufficient to deny the motion, the court declined to "make an explicit determination of whether [Griffin] has presented 'extraordinary

---

[1] The order refers to "an offense level of IV." But that appears to be a simple clerical error intending to refer to the criminal-history category of VI, which corresponds to 33 criminal-history points.

and compelling reasons' justifying compassionate release."  Griffin now appeals.

## III.

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A).  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  After eligibility is established, we review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for an abuse of discretion.  *Id.*  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings."  *Id.*

A court may not modify a sentence once it has been imposed except as permitted by statute.  18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021).  As relevant here, § 3582(c)(1)(A) permits a court to reduce a sentence if the following conditions are met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement."  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  District courts need not address these three conditions in a specific sequence, because the lack of even one forecloses a sentence reduction.  *Id.* at 1237–38.  If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements.  *Id.*

An order granting or denying a sentence reduction under § 3582(c)(1)(A) must indicate that the district court has considered all applicable § 3553(a) factors. *Id.* at 1240. The court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the crime, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(1)–(2). The court need not explicitly address each of the § 3553(a) factors or all the mitigating evidence. *Tinker*, 14 F.4th at 1241. "A sentence may be affirmed so long as the record indicates that the district court considered a number of the factors such as the nature and circumstances of the offense, the defendant's history of recidivism, and the types of sentences available." *Id.* (quotation marks omitted). The weight given to any § 3553(a) factor is committed to the discretion of the district court. *Id.*

Griffin seeks a sentence reduction under U.S.S.G. § 1B1.13(b)(6). Added in November 2023, § 1B1.13(b)(6) states that extraordinary and compelling reasons under § 3582(c)(1)(A) may include an intervening change in the law where the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," but only if the change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," in view of the defendant's "individualized circumstances." U.S.S.G. § 1B1.13(b)(6). Griffin maintains that he qualifies for a reduction under this provision and that the district court erred by disregarding the merits of his motion, including his mental condition.

Here, we cannot say the district court abused its discretion by denying a sentence reduction under § 3582(c)(1)(A). For starters, the court did not err by failing to address whether the specific grounds raised in Griffin's motion—sentencing disparities and his mental condition—were "extraordinary and compelling." Because the court found that the § 3553(a) factors did not support a reduction, it did not need to "explicitly determin[e] whether the defendant could present 'extraordinary and compelling reasons.'" *See Tinker*, 14 F.4th at 1240. The court's findings, without more, were sufficient to deny the motion.

Griffin also hasn't shown that the district court abused its discretion in assessing the § 3553(a) factors. The court reasoned that granting Griffin's motion—which sought a reduction of his sentence to "time served"—would be contrary to the § 3553(a) factors in light of "the violent nature of the crimes for which [Griffin] was convicted by a jury," as well as "his extensive criminal history, which commenced when he was twelve (12) years old and resulted in a career offender designation with 33 criminal history points." Thus, the court's comments show that it considered several applicable § 3553(a) factors, including the nature and circumstances of the offense, Griffin's history of recidivism, and the needs for just punishment, adequate deterrence, and protection of the public. *See Tinker*, 14 F.4th at 1241.

Although the district court's discussion was brief, it "was not required to expressly discuss all of [Griffin's] mitigating evidence." *Id.* The record shows that the court was familiar with Griffin's

arguments, having seen them presented in a series of filings over several years, and having addressed issues relating to his mental condition at sentencing.  While Griffin suggests that the court relied too heavily on his criminal history and the nature of his offenses, and ignored his diagnosis of "mental retardation," it was within the district court's discretion to weigh the nature of the crime and his history of recidivism more heavily than the mitigating factors he presented.  *See id.*

The district court's finding that early release was not supported by the § 3553(a) factors alone "foreclose[s] a sentence reduction," so we do not address the court's separate finding that Griffin's release would pose a danger to the community.  *See Tinker*, 14 F.4th at 1237–38.  Because at least one of the conditions for release under § 3582(c)(1)(A) was not satisfied, the district court did not abuse its discretion by denying Griffin's motion.  *Id.*

**AFFIRMED.**[2]

---

[2] Griffin's construed motions for appointment of counsel and summary reversal are DENIED.